Levi v. Karrick.

Reversed.

### LEVI v. KARRICK *et al.*

1. APPEAL IN A CHANCERY CAUSE. An appeal from the final decree of the District Court, in a chancery cause, deprives that court of all power over the parties thereto, or the subject matter thereof, until said cause or some part thereof is remanded by the Supreme Court, for the further action of the District Court.

2. SAME. The District Court has no power to retax costs in a chancery cause after final decree therein by the Supreme Court.

*Appeal from Dubuque District Court.*

TUESDAY, JANUARY 5.

MOTION in the court below to retax costs after final decree in the Supreme Court. The motion was overruled, and the mover appeals.

*T. M. Monroe* for the appellant.

*John L. Harvey* for the appellee.

The appeal brought the whole cause to the Supreme Court, and the District Court had no jurisdiction. *McGlaughlin* v. *O'Rourke*, 12 Iowa, 459; *Pierson* v. *Wilson et al.*, 2 Id, 20; *Stockwell* v. *David*, 1 G. Greene, 115.

LOWE, J.—This is an appeal from an order overruling a motion to retax the costs in the above entitled cause, made by one of the defendants (G. W. Jones), under the following circumstances: The proceeding was one in chancery, touching the settlement of a complicated partnership. During the pendency thereof, it was referred to a master, J. H. O'Neil, Esq., whose report was made in the premises, with his fees or charges indorsed thereon, and the same was confirmed, and a judgment entered accordingly. From this judgment the whole proceedings were removed into this Court, by an appeal. Without remanding the same, or any part thereof, to the court below, a final decree was entered in this Court between the parties, and the costs were ordered to be taxed against the defendant, G. W. Jones.

For these costs, including the master's fees, an execution issued from this Court to the Sheriff of Dubuque County. At the February Term, 1863, of the District Court of said

county, the defendant moved that court to retax the costs which had been taxed in this court, and which were embraced, as we understand it, in the process of execution which had issued from this Court. The overruling of this motion must be upheld as founded in reason, law, a just practice, and the necessity of the case. That a chancery proceeding, when appealed from, after a final decree, can be pending in this and the District Court, at the same point of time, subject alike to the control and action of either court, is against the whole theory of our system of jurisprudence. The simple matter of fact is, that when an appeal is taken, all power of the court below over the parties and the subject matter of the controversy is lost, until the cause, or some part thereof, is remanded back, by order of this Court, for its further action. In this case that was not done. Now, had the District Court entertained this motion, and ordered a retaxation, either increasing or reducing the costs, how would its order be carried out? If by execution, it must be issued without any judgment to support it. Again, it might conflict with a similar process in the hands of the sheriff, from this Court, and thus lead to a collision of authority. Without extending remark, we suppose the proper place to make such motion, would be in this Court, if such a motion could now be made at all. Of course, upon that question, we intimate no opinion.

The order below will be

Affirmed.