CARMICHAEL v. VANDEBUR ET AL.

1. **Practice:** CORRECTION OF ERROR: APPEAL. Where an appeal has been taken the jurisdiction of the trial court is suspended, and it has no power to entertain a motion to correct an error in the proceedings.

*Appeal from Lucas District Court.*

WEDNESDAY, JUNE 4.

THE plaintiff appeals from an order of court striking from the files a motion of plaintiff. The facts appear in the opinion.

*Stuart Bros. & Bartholomew*, for appellant.

*Thorpe & Sons* and *J. D. Hull*, for appellees.

DAY, J.—This case is a branch of the case between the same parties in which the defendants appealed. See 50 Iowa, 651. The cause having been affirmed upon that appeal, a determination of the question involved in this appeal becomes immaterial, except as to

1. PRACTICE: correction of error: appeal.

the question of the costs of the appeal.    In the main case, on the 12th day of November, 1877, the jury returned a verdict for the plaintiff for five hundred dollars.    On the 14th day of November the defendants filed a motion for a new trial, which motion was taken under advisement, and the cause continued.    On the 25th day of December, 1877, in vacation, the motion for new trial was overruled.    On the 11th day of January, 1878, it was ordered that judgment be entered on the verdict.    In April, 1878, the defendants perfected an appeal, and assigned as one of the errors that the court erred in rendering judgment on the verdict in vacation.    On the 9th day of November, 1878, the plaintiff caused the cause to be docketed, and filed a motion as follows:

"Comes now the plaintiff herein, and moves the court for an order confirming the ruling of the court in this case on a motion for a new trial, and confirming the judgment of the court rendered on the verdict therein in vacation, or asking the ruling of the court thereon, and that judgment be rendered on said verdict accordingly."

The defendants moved the court to strike this motion from the files on the ground that the cause had been appealed, and the court had no jurisdiction.    This motion the court sustained.    From this ruling the plaintiff appeals.    The motion of plaintiff was made nearly ten months after the judgment was entered in vacation, and more than six months after the appeal was taken.    The appeal was taken from a judgment rendered in vacation.    The object of this motion was to procure a judgment on the verdict in term time, while the appeal was pending.    The court, we think, had no jurisdiction to entertain the motion.

In *Levi v. Karrick*, 15 Iowa, 444, it is said: "The simple matter of fact is that, when an appeal is taken, all power of the court below over the parties and the subject-matter of the controversy is lost, until the cause, or some part thereof, is remanded back by order of this court for its further action." It is true this language was used in a chancery case; but in

the case at bar it is sought to have the court, by its action, correct the very matter complained of as error on the appeal. If no error has been committed of which appellant could complain, as we held was the fact in the main appeal, no correction was necessary. When error has been committed, necessitating a reversal, the error, if it can be corrected at all, may be corrected when the cause is remanded. See, also, *McGlaughlin v. O'Rourke*, 12 Iowa, 459. The court did not err in refusing to entertain the motion.

                                                    AFFIRMED.