EDWIN B. WINANS v. JAMES B. WILKIE, NELLIE M. WIL-KIE, DAN T. FARGO AND JAMES RANKIN.

*Assignment of mortgage to a purchaser assuming the incumbrance extinguishes the debt.*

A grantee purchasing mortgaged premises *subject to* the incumbrance does not become personally responsible for the debt, and only loses the premises in case of foreclosure; but a grantee who *assumes* the incumbrance is presumably responsible for the debt.

If a grantee of mortgaged premises assumes the incumbrance and afterwards takes an assignment of the mortgage, he extinguishes the debt, and cannot afterwards give any right to foreclose the mortgage by assigning it.

Where it is doubtful whether a deed of mortgaged premises binds the grantee to pay existing incumbrances, evidence of the value of the premises or of the agreed consideration for them, and as to whether the grantee retained any of the consideration to pay the debt, is admissible to aid in construing the deed.

Appeal from Livingston.     Submitted June 11.     Decided July 1.

FORECLOSURE.   Defendant Fargo appeals.

*Dennis Shields* for complainant.

*Wm. O. Webster* and *B. T. O. Clark* for defendant Fargo.   If a vendee of mortgaged land accepts a deed under which he assumes the mortgage, he becomes liable to pay it to the mortgagee just as if he had expressly covenanted with the mortgagee to pay it, and on foreclosure a personal decree can be had against him as well as against the mortgager, or both, *Crawford v. Edwards*, 33 Mich., 354; *Miller v. Thompson*, 34 Mich., 10; *Atlantic Dock Co. v. Leavitt*, 54 N. Y., 35;  Comp L., § 5150;  and the vendee can be sued on his personal liability without foreclosing, 1 Jones on Mortgages, § 748; *Burr v. Beers*, 24 N. Y., 178;  *Thompson v. Bertram*, 14 Ia., 476;  and if the mortgager or his grantee has to pay the mortgage to save foreclosure they become subrogated to the mortgagee's right to compel the grantee to fulfil his undertaking by which he had become principal debtor, *Mills v. Watson*, 1 Sweeny (N. Y.), 374;  and either grantor or mortgagee can pay his debt, *Garnsey v. Rogers*, 47 N. Y., 239;  *Braman v. Dowse*, 12 Cush., 227; *Furnas v. Durgin*, 119 Mass., 500;  if the purchaser of mortgaged land assumes all the indebtedness, and does pay the amount due on the mortgage, and has the mortgage assigned to him, the assignment extinguishes it, 1 Jones Mortgages, §§ 864–5;   *Russell v. Pistor*, 7 N. Y., 171; *Mickles v. Townsend*, 18 N. Y., 575;  *Frey v. Vanderhoof*, 15 Wis., 397;  *Baring v. Moore*, 4 Paige, 166.

MARSTON, J.  Where mortgaged premises are sold and

the deed of conveyance contains a clause that the grantee' assumes all indebtedness on the premises, and he afterwards takes an assignment of the mortgage to himself and then assigns to a third party, can such third party go into a court of chancery and foreclose such mortgage? Such is the only question presented in this case.

Where the words inserted in the deed, and which it is claimed impose a legal obligation on the grantee to pay the existing incumbrances, are of doubtful meaning or ambiguous, evidence showing the value of the premises, or the agreed consideration therefor, and whether a sufficient or any part of the same was retained by the grantee for the purpose of paying the mortgage indebtedness, would be material as aids in the construction thereof. *Tichenor v. Dodd*, 3 Green Ch., 455.

No such evidence has been introduced in this case, and while there is no express promise by the grantee to pay the existing incumbrances, yet there is sufficient to cast upon him a clear legal duty to pay the same. The words in the deed were "said party of the second part assuming all indebtedness on the same."

A person may purchase and accept a conveyance of mortgaged premises *subject* to the incumbrances thereon, and incur thereby no personal responsibility. If the mortgage debt should not be paid, the grantee, upon a foreclosure sale, would be in danger of losing the premises. This would be the extent of his loss. Where, however, he takes a conveyance, assuming therein the incumbrances, he thereby becomes personally responsible for the debt, equally as though an express promise to pay was contained in the deed which he accepted, within the principles laid down in *Crawford v. Edwards*, 33 Mich., 354, and *Miller v. Thompson*, 34 Mich., 10.

To assume an indebtedness is to take it to one's self or be willing to bear it, and when a person so agrees by accepting a deed of the premises containing such a clause, a personal liability is thereby incurred which may be enforced in a court of chancery.

It follows, therefore, under the facts in this case, the party assuming such indebtedness having taken an assignment of the mortgage, that the same was thereby extinguished and he could not thereafter assign the same to a third party and confer upon him any right to foreclose the same.

The decree must therefore be reversed and the bill dismissed with costs of both courts.

The other Justices concurred.