## TIFFANY v. HENDERSON.

1. **Practice:** APPEAL: BILL OF EXCEPTIONS. Where time was given in which to file a bill of exceptions, the fact that the appeal was perfected before the same was filed, would not preclude the court from settling and signing the bill. A party can appear in the court below and have the record corrected after an appeal has been perfected.

2. ———: AMENDMENT: WHEN ALLOWED. Under the issues and circumstances of this case, an amendment conforming the allegations of the petition to the facts proved though offered after the argument of counsel, was proper and should have been allowed.

*Appeal from Scott Circuit Court.*

SATURDAY, DECEMBER 17.

ACTION to recover possession of a horse. The ground of recovery stated in the petition is that plaintiff was the owner of the horse and therefore entitled to the possession. The answer denied knowledge of plaintiff's ownership, and alleged the defendant was entitled to possession under a contract with a former owner, whereby the defendant was entitled to a lien on the horse for certain money due him by such owner.

In a reply the plaintiff pleaded the defendant was estopped from setting up such lien or that he was entitled to possession. Trial by jury, verdict and judgment for defendant, and plaintiff appeals.

*Clark & Heywood*, for appellant.

*Stewart & White* and *J. J. Parks*, for appellee.

SEEVERS, J.—I. Counsel for the appellee have filed a motion to strike the bill of exceptions from the record because the case

1. PRACTICE:
appeal: bill
of exceptions·

was pending in this court at the time it was signed and filed. In support of the motion *Loomis v. McKenzie, ante*, 77, and *Carmichael v. Vandebur*, 51 Iowa, 225, are cited. These cases simply hold that after an appeal

has been taken and perfected the court below has no power to entertain a motion to correct the proceedings, and possibly it may be said the court cannot make any determination in the case, because the cause has been removed to this court. The cases cited do not meet the requirements of the one before us. In the present case a motion for a new trial was overruled on the 2d day of May, 1881, and time was given the plaintiff to file a bill of exceptions on or before the 16th day of said month, on which day the same was signed and filed. On the 2d day of May, 1881, the plaintiff perfected an appeal to this court.

We have several times held on motion, where no opinion was filed, that although an appeal had been perfected a party might appear in the court below and have the record perfected. It is not essential to this right that leave should be given by this court. The essential thing being to have the record perfected. Substantially that is what was done in this case. The Circuit Court made no ruling nor did it take jurisdiction of the case, except to do that which it had stipulated might be done. The motion must be overruled.

II. The horse in question at one time was the property of Jas. M. Beardsley. To sustain the issue on his part plaintiff introduced in evidence an absolute bill of sale of the horse from Beardsley to him and rested. Thereupon the defendant introduced evidence tending to show that while the bill of sale was absolute on its face it in fact was a mortgage. Whereupon plaintiff admitted such to be the fact.

2. ——: amendment: where allowed.

At the close of the argument of the counsel of the defendant to the jury, counsel for the plaintiff were informed that an instruction in substance had been asked, that if the jury found the plaintiff had a lien on or qualified interest in the horse instead of being the owner, as alleged in the petition, he could not recover. Upon an intimation from the court the instruction would be given, plaintiff asked leave to file an amended petition alleging that at the commencement of the action he was entitled to the

possession of the property in said petition described, and that his interest was that of a mortgagee, and he withdraws any allegation in his petition inconsistent therewith. The court refused to permit the amendment to be filed and gave the instruction aforesaid.

Counsel for the appellant insist the instruction was erroneous as the pleadings stood at the trial, but we shall not stop to determine this question, because we think, under § 2689 of the Code, the court erred in refusing to permit the amendment to the petition to be filed so as to conform it to the established facts. It has been said more than once by this court that to allow amendments to the pleadings is the rule, to refuse, the exception; and while a discretion in this respect is reposed in the District or Circuit Court, such discretion is of a legal character and will be reviewed on appeal. No two cases are precisely alike and therefore no beneficial result would follow from a citation of the numerous cases which support the above proposition. See, however, *Hinkle v. Davenport*, 38 Iowa, 355.

The affirmative fact that the plaintiff was a mortgagee only was not stated in the answer, although the defendant had knowledge of such fact. The first knowledge the plaintiff had the defendant would so claim was after the plaintiff had rested his case, and when this claim was made the controversy between these parties was as to who was entitled to the possession of the horse under their respective liens. So, too, under the petition and answer the issue was the same, that is, who was entitled to the possession. The ground upon which the plaintiff claimed the possession, while material, was not the main thing. The "substantial claim" was as to the possession, and this was not changed by the amendment proposed to be filed. As the defendant introduced evidence showing the plaintiff was a mortgagee he could not be prejudiced or surprised by allowing the amendment, and in fact no such claim is made.

It cannot be said the proposition to amend was made too late, for we think it may be said it is never too late to amend the pleadings, if substantial justice is thereby attained and the rights of no one unduly infringed.

By allowing the amendment justice will be promoted and the real merits of this controversy determined.

REVERSED.