Justus A. Chesley and another *vs.* Mississippi & Rum River Boom Company.

July 3, 1888.

Appeal — Return remitted for Amendment of Certificate to Case.— Where, upon an appeal from an order granting a new trial for insufficiency of the evidence, the settled case does not show, nor the certificate of settlement state, that it contains all the evidence, this court may send the return back, with leave to apply to the judge who settled the case to correct the certificate so as to state that the settled case contains all the evidence.

Same—Review of Order Granting New Trial—Presumption.—On such an appeal, if the settled case do not show that it contains all the evidence, it will not be presumed that the preponderance of evidence was manifestly and palpably in favor of the verdict, so as to justify this court in reversing the order. *Henry* v. *Hinman*, 21 Minn. 378, overruled.

**Same—Objections not Raised Below.**—The appellant, on an appeal from an order granting a new trial, cannot here assign as error that the notice of the motion did not specify any grounds for it, if he did not make the objection below.

**Logs—Care required of Boom Company.**—The degree of care over logs of others in its possession required of a boom company is that degree of care which an ordinarily prudent man, in charge of his own property, would exercise.

**Same—Burden of Proving Care.**—When a plaintiff, suing for loss, by negligence, of his logs, has shown them to have come into the charge of a boom company, the defendant, and that on demand they were not redelivered to him, the defendant, to discharge itself, must prove that it used the degree of care required of it. *Held*, that there was not such a preponderance of evidence in favor of the verdict as to justify this court in reversing an order granting a new trial.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Hicks*, J., presiding, granting a new trial.

*Hammons & Hammons,* for appellants.

*Gilfillan, Belden & Willard,* for respondent.

GILFILLAN, C. J.    On a trial before a jury the plaintiffs had a verdict.    The defendant then prepared, and procured to be settled by the judge of the trial court, a statement of the case, and upon it moved for a new trial, upon a notice not specifying any ground of motion.    The court granted a new trial, and from the order this appeal is taken.    After the return was made to this court, the respondent discovered that neither in the settled case nor in the judge's certificate of settlement is there any statement that the case as settled contains all the evidence given on the trial, and therefore its counsel moved this court for an order sending the return back to the district court, with leave to respondent to apply to the trial judge to correct the certificate by inserting a statement that the case as settled contains all the evidence, the return thereupon to be sent again to this court.    The motion was granted, and the certificate was so amended.    The power of this court to make that order, and the authority of the judge to amend the certificate pursuant to it, are denied by appellants.    Undoubtedly, after a return to this court, the judge of the court below cannot, unless required by order of this court,

make any change in the record in any matter removed to this court by the appeal.　But we have no doubt of our power to direct him to correct the record, and make it conform to the fact, nor of his authority to act when so directed; nor do we think it makes any difference in our power in this respect, though it might in the propriety of our exercising it in the particular case, that the defect arose from the omission or inadvertence of the judge or court below, or of the party.　An instance of the exercise of such power by this court is found in *Phœnix* v. *Gardner*, 13 Minn. 272, (294.)

But really it is, so far as this case is concerned, of no practical importance whether we consider the appeal on the record as it stood before the certificate to the statement of the case was corrected or as it stands since.　The presumption, where the settled case does not show that it contains all the evidence, that there was evidence enough (though it may not be in the settled case) to sustain the verdict, is based on the presumption in favor of the regularity of the proceedings of the court below brought here for review.　The party alleging error in the judgment or order appealed from must show it by the record. If the appeal be from an order refusing to grant a new trial after a verdict, he must show by the record that the verdict ought not to stand. If he claim that there was not evidence enough to base a verdict upon, he must show what the evidence was, and the settled case must contain all the evidence; otherwise this court cannot say it did not make a proper case for the jury.　If the appeal be from an order granting a new trial, the record must show that it ought not to have been granted.　If granted for insufficiency of the evidence, the settled case should contain it all; otherwise how can we say the preponderance, on the whole evidence, in favor of the verdict, was so manifest and clear that the court below abused a sound judicial discretion in setting it aside?　Of necessity, considerable latitude must be allowed to the trial court in granting or refusing a motion for a new trial made on the evidence.　There are things occurring during the trial, under its observation, that cannot go upon the record, proper for it to consider on such a motion; such as the general course and conduct of the trial, the demeanor of the parties and jury, and the appearance and manner of testifying of the witnesses.　It was for this reason

that the court in *Hicks* v. *Stone*, 13 Minn. 398, (434,) said : "In our judgment, however, we should not be warranted in reversing an order of this kind [granting a new trial on the evidence] simply because, if the judge below had refused to grant a new trial, we should have felt bound to sustain him, nor because there was evidence reasonably tending to support the verdict, nor because, if the motion for a new trial had been made before us in the first instance, we should, upon a consideration of the evidence and its preponderance, have denied the motion." To justify us in reversing such an order, the evidence must be "manifestly and palpably in favor of the verdict." When we are asked to reverse such an order, it must appear from the settled case that the preponderance is so manifest as to overcome any legitimate weight which the court below could ordinarily give to the things to which we have alluded. It will not be presumed there was such a preponderance, for that would be presuming error on the part of the trial court. In *Henry* v. *Hinman*, 21 Minn. 378, upon an appeal from an order granting a new trial, we improperly acted upon the presumption that obtains in a case where we are in effect asked to set aside a verdict which the court below has sustained.

One of the assignments of error is based on the fact that the notice of motion for a new trial did not state on what ground the motion was made. Undoubtedly, the notice ought to state the ground of motion, and, if it do not, the opposing party may object to the hearing of the motion, and it would be error in the court to overrule the objection. If, however, notwithstanding the defect in the notice, or if, without any notice, the parties, without objection, go on and submit the motion, it cannot be assigned here as error. A party cannot assign as error what he assented to below. It appears from the memorandum which the court below filed with the order that the new trial was granted for insufficiency of evidence.

A question is made as to the rule of liability to be applied to a boom company in respect to logs coming within its territorial jurisdiction, the plaintiffs insisting that it should be the same as is applied to a common carrier; the defendant, that it certainly ought not to be greater than is applied to a warehouseman. The rule applied by the court below was that the defendant was liable only for loss caused

by its failure to do all that an ordinarily prudent man would do in driving his own logs. The charter of defendant does not define the rule of its liability for loss of logs, except that it "shall not be liable for any loss or damage caused by any extraordinary rise of water or freshets." We find only two cases in which the rule of liability of corporations similar to defendant is considered—*Weld* v. *Proprietors, etc.*, 6 Greenl. 93, and *Mann* v. *White River Log & Booming Co.*, 46 Mich. 38, (8 N. W. Rep. 550,)—in each of which it was held that the defendant was not liable to the same extent as a common carrier; the court in the former case holding the company liable only for losses occasioned by the want of ordinary care, attention, and diligence,— the same rule as was applied by the court below in this case. The business of a boom company is not wholly analogous to that either of a common carrier or of a warehouseman, or of any other bailee. Its possession of the property is not like that of a carrier or warehouseman. It has not, like them, at all times actual manual possession, either for carriage or keeping. The logs are floating in the river, and it takes charge of them and controls their floating (returning them to the water if they are cast up on the shore) from the time they come into its jurisdiction until they are brought into booms to arrest their further passage down, where it collects and assorts them, and holds them subject to the order of the owners. Above the upper limits of its jurisdiction, the owners drive them or control their passage; below that, the company does. The severe rule imposed on common carriers is based on public policy. We think, with the court in 46 Mich., it ought not to be extended beyond that business, unless on very plain reasons of fitness. We can see no reason why public policy should require it to be applied to the business of a boom company. As the company is substituted, not by the voluntary act of the owners, but by the law, to the control of the logs, for the purpose of floating them down and stopping them at the proper place, certainly it should be required to use as much care as the owners may be supposed to use while they have control, that of ordinarily prudent men in charge of their own property. The rule that the court below acted on was the right one.

There is a further question in the case, not, perhaps, necessary to

decide, for the ruling of the court below upon it was against the respondent, but which, in view of another trial, is proper to be disposed of; and that is, upon which party did the burden of proof lie, in the matter of care or negligence? or, rather, what amount of proof was required of plaintiffs to put on defendant the burden of showing that the logs were not lost by its negligence? The court below gave it to the jury as the rule that "if the logs were delivered to defendant, and not received back again, then there is *prima facie* evidence of negligence until the company shows that they were not negligent; and that the logs, if there was any loss, were not lost by any negligence of theirs;" and, further, that the *prima facie* case made by proof of the delivery of the logs to defendant, and its refusal to redeliver the entire amount, would be overcome "when the defendant shows to your satisfaction that it has so performed its duty which it owed to plaintiffs, which was to take the logs and deliver them, subject to the perils of navigation, to the plaintiffs at this point, as a reasonably prudent man would have driven them while driving them for himself." As to the amount of proof required from the plaintiff to make a *prima facie* case, no general rule applicable to all kinds of bailment can be stated. The authorities differ on the question. Story, Bailm. § 410, and note 3. The rule stated by the court below, to wit, that proof of delivery, and of a refusal to redeliver, calls on the defendant to discharge itself by proof that it used the degree of care required of such a bailee, is, as applied to a case of this kind, a reasonable one; because whether it did or not rests peculiarly in the knowledge of the defendant, and to require it to prove the fact imposes no hardship on it; while to require of plaintiff to prove loss because of want of such care might, in many cases, be a hardship on him, and perhaps defeat his action. For this reason we approve the rule.

Upon an examination of the evidence, in view of these rules of law, we do not find such a preponderance in favor of the verdict as to justify us in reversing the order granting a new trial.

Order affirmed.