(55 N. W. Rep. 729.)

---

### JOHN COMASKEY *vs.* NORTHERN PACIFIC R. R. CO.

Opinion filed May 31st, 1893.

**Personal Injuries—Damages—Effect Upon Mental Powers—Instruction.**

In an action to recover for personal injuries, where there is no claim in the complaint or in the evidence that plaintiff's mental powers were in any manner impaired by the injury, it is error for the trial court to instruct the jury that in estimating the damages they may take into account the effect of the injury upon plaintiff's mental powers.

Appeal from District Court, Cass County; *McConnell*, J.

Action for personal injuries by John Comaskey against the Northern Pacific Railroad Company. Plaintiff had judgment, and defendant appeals.

Reversed.

*Ball & Watson*, for appellant.

To recover damages for the impairment of the mental faculties, plaintiff must both allege and prove such injury.   There being no such allegation  or proof  in  this case, the  court's instruction that if the jury found for the plaintiff they should allow him  damages for the  effects  of  the  injury on  his  mental powers—was clearly wrong.   The rule laid down by the court was in-applicable to the facts proven, and was prejudical to defendant.   *Michigan Bank* v. *Eldred*, 9 Wall. 544; *Chicago* v. *Robbins*, 2 Black. 418.   Thompson on Charge to  Jury § § 62, 63; *Willis* v. *Railroad  Co.*,  17 A. and  E. R. R. Cases, 542.

It will as a rule be regarded as error in the  court to give· to the jury instructions, which are unsupported by  evidence in  the  case for the reason that  they tend  to  mislead  the  jury, even  though abstractly correct in principle and law.   *Insurance  Co.*  v.  *Baring*, 20 Wall. 158; *Webster  College* v. *Tyler*, 35  Mo. 268; *Achltree* v.  *Carl*, 23  Ia.  394; *Beaver* v.  *Taylor*,  1  Wall.  644;  *Clark*  v.  *Dutcher*, 9 Cowan 674; *Cane* v. *People*, 3  Neb. 357.   See, also, *Battles* v. *Tall-man*, 11 So. Rep. 247; *Coal  Creek, etc.* v. *Davis*, 18 S. W. Rep. 387; *Perot* v.  *Cooper*, 28 Pac. Rep. 391.

*Taylor  Crum*, for respondent.

Respondent contends that "mental suffering" and "effects on mental powers," mean practically the same thing.   That damages may be recovered for pain of mind.   Citing *Farchild* v. *Cal. Stage Co.*  13  Cal. 601; *Railroad  Co.* v. *Barron*,  5  Wall. (U. S.) 90; *Masters* v. *Warren*, 27 Conn. 293; *Penn. & O. Canal  Co.* v. *Graham*, 63  Penn. St. 290; *Sherwood* v. *Ry.  Co.*, 46 N. W. Rep. 773.

BARTHOLOMEW, C. J.   This is a personal injury case, and involves but a single point.   There was a verdict and judgment for the plaintiff.   The court, in its general charge to the jury, used the following language:   "If you find for the plaintiff, he is entitled to a verdict for the full amount of damages suffered by him on account of his injuries, not exceeding ten thousand dollars; and in considering the extent of his injuries you will take into account the extent of injury, of bodily pain and suffering which

he may have suffered, according to its degree, and the bodily injury, taking into account the loss of time, the effects of the injury on plaintiff's health, its effects on his mental powers, its effect on his bodily powers, upon his capacity for labor, the pursuit of an occupation, and the earning of money." Exceptions to this instruction were saved, and it is urged that it assumes the existence of the facts therein stated, instead of leaving them to be determined by the jury. This is hypercritical. The court had already instructed the jury as to what facts they must find to exist before they could return a verdict for plaintiff. The court then said: "If you find for plaintiff he is entitled," etc., which was exactly equivalent to saying, "if you find the facts to exist as hereinbefore stated, plaintiff is entitled," etc. The instruction assumed nothing.

It is next urged that there is no evidence in the case tending to show that plaintiff's capacity to earn money was in any manner impaired by the injury he received. We think otherwise. The testimony, as a whole, clearly tends to establish that plaintiff's ability to earn money was actually impaired by the injury he received.

But the third objection urged against the instruction is fatal. There was no claim in the complaint or in the evidence that plaintiff's mental powers had been in any manner affected by the injury, yet the court directed the jury to take into account, in estimating plaintiff's damages, the effect of the injury on his "mental powers." It is conceded that mental suffering is a proper element of damages, and that the impairment of mental faculties is also a proper element, when claimed and proven, but it is neither claimed nor proven in this case. This position is not controverted by plaintiff. His contention is that the instruction did no more than to direct the jury to take into account plaintiff's mental suffering. We cannot so construe this language. It would be idle to follow counsel in his metaphysical dissertion upon abstract mental qualities. This language was addressed to men of average business intelligence, and must be construed in its

general acceptation. We speak of physical suffering, and of effect upon physical powers, and no one would claim for a moment that the two things were identical. Physical suffering may exist, and be an element of damage, and yet there be no impairment of the physical power to earn money; and the physical power to earn money may be greatly impaired, and an element for substantial damage, and yet there may exist no suffering whatever. True, the two, for a time at least, after an injury, are usually present together, but there is no necessary connection between them. The same is true in the mental domain. Mental suffering may exist, and the mental powers—that is, the power to exercise the mental faculties for the purpose of earning money or otherwise—be in no manner affected. On the other hand the power to thus exercise the mental faculties may be impaired or destroyed, and yet there may be no mental pain. What the court intended is clear from the context. The jury were directed to consider "the effects of the injury on plaintiff's health, its effects on his mental powers, its effects on his bodily powers, upon his capacity for labor, the pursuit of an occupation, and the earning of money." The effect upon the mental powers, and the effect upon bodily powers,—and the one just as much as the other,—were to be considered directly as bearing upon plaintiff's capacity to labor and to earn money. But as to the mental powers there was nothing of the kind in the case. Nor can we say this error was harmless, coming as it did; and, under the medical expert testimony in this case, its effect upon the jury is purely conjectural. It may not have been prejudicial to defendant, and it may. We cannot determine. Under these circumstances our duty is clear. The District Court is directed to reverse its judgment, and order a new trial.

Reversed.   All concur.