## LOUISIANA E. MOORE *vs.* LEWIS E. BOOKER, *et al.*

Opinion filed September 11th, 1894.
On Rehearing February 25th, 1895.

### Depositions—Notice of Street and Number of Notary Before Whom Taken.

In the absence of any showing of prejudice, it is not error to refuse to suppress a deposition, taken in another state on notice, because the notice did not locate the office of the notary before whom such deposition was to be taken by street and number.

### Certificate to Deposition—What to Contain.

It is not error to refuse to suppress a deposition for the reason that it does not appear in the certificate of the officer taking the deposition or elsewhere that the officer was not a relative of either party, or otherwise interested in the action. Such fact, if it exist, must be made to appear affirmatively. Our statute does not require the certificate to speak upon that point.

### Assumption of Mortgage by Grantee.

Where a grantee of real property assumed the payment of an incumbrance thereon, such contract of assumption is an original undertaking on his part, distinct from the contract of purchase. It may be contained in the conveyance, or it may be by separate writing, or it may rest entirely in parol.

### Pleadings Amended to Correspond with Proof.

The original complaint alleged a purchase by R., for and as the agent of B., of certain realty, and that B., through said agent, promised and agreed to pay the incumbrances thereon. In an action to foreclose such incumbrances both B. and R. were made parties defendant, and a personal judgment for deficiency asked against them. All of plaintiff's testimony supported the original complaint, but the testimony of defendant R. disclosed that the purchase was for the joint benefit of B. and R. The court found such joint purchase, and ordered the complaint amended accordingly. *Held*, no abuse of discretion.

### Finding of Fact Construed to Support Conclusion of Law.

In construing an ambiguous finding of fact made by the trial court, it is proper for the appellate court to consider all the findings, in order to determine what was intended; and it is the duty of the appellate court, when it can be done without violence to the language used, to so construe a finding as to support a conclusion of law that follows.

### Agent When Personally Bound by Agreements.

When a party, purporting to act as the agent of another, makes certain promises and agreements on behalf of his principal, if such party was at the time acting in his own interest, or in a matter in which he and his alleged principal were jointly interested, then such person will be personally bound upon such promises and agreements.

**Amendment of Record on Appeal—How Made.**

ON REHEARING.

> When, upon appeal from the District Court, the original papers are sent to the Supreme Court, and when the case has been fully argued and submitted in this court upon such record, the trial court has thereafter no authority or power to amend or correct such record, unless, upon application to this court, the record is remanded for such purposes.

Appeal from District Court, Pembina County; *Templeton*, J.

Action by Louisiana E. Moore against Lewis E. Booker, George W. Ryan, and others to foreclose mortgages. Plaintiff had judgment, and defendants Booker and Ryan appeal.

Reversed.

*W. J. Kneeshaw*, for appellants.

The court erred in denying defendants motion to suppress depositions—the notice not specifying the place or office at which the depositions were to be taken. *Lucas* v. *Richardson*, 10 Pac. Rep. 183; *Williams* v. *Chadbourne*, 6 Cal. 559. It does not appear by the certificate of the notary or elsewhere that the notary taking the depositions was not a relative of either party, or otherwise interested in the action. Section 5287, Comp. Laws; *Dye* v. *Bailey*, 2 Cal. 383; *Thompson* v. *Clay*, 27 N. W. Rep. 699; *Gartside Coal Co.* v. *Maxwell*, 20 Fed. Rep. 187; *Donahue* v. *Roberts*, 19 Fed. Rep. 863; *East Tenn. V. & G. R. Co.* v. *Arnold*, 12 S. W. Rep. 439. The certificate should show that the deposition was first read to or by the witness before he signed it. *Ball* v. *Sykes*, 30 N. W. Rep. 929; *Sabine, etc. Ry. Co.* v. *Broussard*, 7 S. W. Rep. 374. A vendee by accepting a conveyance subject to a prior mortgage does not thereby become personally liable for the debt represented by such mortgage. *Lewis* v. *Day*, 5 N. W. Rep. 753. Parole evidence is inadmissable to prove the understanding of the parties as to the meaning of words in a contract which are neither obscure nor technical. *Bullock* v. *Consumers Lumber Co.*, 31 Pac. Rep. 367; *Halston Salt Co.* v. *Campbell*, 16 S. E. Rep. 274. Preliminary negotiations are merged in ·the subsequent writing and cannot be proved to vary it. *Hardin* v. *Kelley*, 15 S. E. Rep. 894; *R. R. Co.* v. *Shomo*, 16 S. E. Rep. 220; *Persson*

v. *Arkenberg,* 12 N. Y. Supp. 555; *Taylor* v. *Davis,* 52 N. W. Rep. 756; *Jacob* v. *Shenon,* 29 Pac. Rep. 44; *Fisburne* v. *Smith,* 13 S. E. Rep. 525; *Casselberry* v. *Warren,* 40 Ill. App. 628; *Nuttenacht* v. *Slevin,* 22 N. Y. Supp. 131; *Rigdon* v. *Conley,* 30 N. E. Rep. 1060; *Packer* v. *Roberts,* 29 N. E. Rep. 668; *Ladd* v. *Farrar,* 17 S. W. Rep. 55; *Plano Mfg. Co.* v. *Root,* 3 N. D. 165; *Spurr* v. *Andrews,* 88 Mass. 420. It was an abuse of discretion for the court after trial to order the complaint amended to correspond with the proof and finding because the amendment changed substantially plaintiff's claim. Section 4938, Comp. Laws; *Hallelan* v. *Roughan,* 22 N. W. Rep. 163; *Raw* v. *Minn. Val. R. Co.,* 13 Minn. 442; *N. C. & S. C. Co.* v. *Kidd,* 37 Cal. 282.

*E. W. Conmy,* (*N. C. Young* and *Cochrane & Feetham,* of counsel,) for respondent.

The notice to take depositions sufficiently described the place. *Britton* v. *Berry,* 30 N. W. Rep. 254; *Ketsher* v. *Ayers,* 46 Cal. 82; *Sayles* v. *Stewart,* 5 Wis. 8; *Vawter* v. *Hultz,* 20 S. W. Rep. 690. The statute does not require the deposition to be read over to a witness before he signs it. *Britton* v. *Berry,* 30 N. W. Rep. 254. It will be presumed that the notary is not interested or of kin to either party to the action until the contrary is shown. *Gregg* v. *Mallett,* 15 S. E. Rep. 936; *Welborne* v. *Downing,* 11 S. W. Rep. 501; *Sheriff* v. *Hull,* 37 Ia. 174; *Turner* v. *Hardin,* 45 N. W. Rep. 758; *Cook* v. *Shorthill,* 48 N. W. Rep. 84. It will be presumed that sufficient ground was laid for the introduction of depositions in the absence of an affirmative showing to the contrary. *Cal. Gold Mining Co.* v. *Noonan,* 3 Dak. 189. The consideration named in a deed is not conclusive evidence of the true consideration, but parole evidence is admissable to show that a different kind or amount was agreed upon. 5 Am. & Eng. Enc. Law, 436. Testimony otherwise competent, taken upon commission is not to be rejected because not responsive to the interrogatory. *Fassin* v. *Hubbard,* 55 N. Y. 471; *St. Anthouy* v. *Eastman,*

20 Minn. 277, 159. The court did not abuse its discretion in amending the complaint to correspond with the proofs and findings. *Caledonia Gold Mining Co.* v. *Noonan*, 3 Dak. 189; *Bowers* v. *Thomas*, 22 N. W. Rep. 710; *Flanders* v. *Cottrell*, 36 Wis. 564; *Stiller* v. *Ry. Co.*, 49 Wis. 613; *Marchrietz* v. *Wright*, 50 Wis. 175; *Canton* v. *Shepard*, 1 N. W. Rep. 205; *Evarts* v. *Smucker*, 26 N. W. Rep. 596; *Ault* v. *Wheeler & Wilson Mfg. Co.*, 11 N. W. Rep. 554. A verbal promise to assume and pay a mortgage is valid and may be enforced in equity not only by the grantor but by the holder of the mortgage. 3 Pom. Eq. Jur, 1206; 1 Jones on Mort. 750. The contract of assumption is independent of the deed. The verbal agreement is additional thereto, it does not vary the terms of the contract and is not merged therein. *Canfield* v. *Sheare*, 13 N. W. Rep. 605; *N. Y. Life Ins. Co.* v. *Atkin*, 4 N. Y. 879; *Society of Friends* v. *Hames*, 25 N. E. Rep. 119. If the amount of the mortgage debt formed part of the consideration to be paid by the vendee he is estopped from refusing responsibility. *Cooper* v. *Foss*, 19 N. W. Rep. 506; *Shamp* v. *Myer*, 29 N. W. Rep. 379; *Keedle* v. *Flack*, 44 N. W. Rep. 34. The purchaser of mortgaged property may by agreement assume the debt and make himself personally liable. The agreement to assume the debt may be a verbal or written contemporaneous agreement and evidence may be introduced to explain the contract. Greenl. on Ev. § 286; *Ely* v. *Wright*, 30 How. Pr. 97; *Merriman* v. *Moore*, 90 Pa. St. 78; *Putney* v. *Farnham*, 27 Wis. 187; *Bowen* v. *Kurtz*, 37 Ia. 239. Where the mortgagor sells the mortgaged property subject to the mortgage and the amount of the mortgage debt is deducted from the price, the purchaser is personally bound to pay off the mortgage. *Ferris* v. *Crawford*, 2 Denio, 595; *Smith* v. *Trustow*, 84 N. Y. 660; *Ely* v. *McNight*, 30 How. Pr. 97; *Techenor* v. *Dodd*, 4 N. J. Eq. 454; *Townsend* v. *Ward*, 27 Conn. 610; *McMahon* v. *Stewart*, 23 Ind. 590; *Reed* v. *Vreeland*, 30 N. J. Eq. 591; *Thayer* v. *Torrey*, 37 N. J. L. 339; *Bristol Sav. Bk.* v. *Stigert*, 53 N. W. Rep. 265.

BARTHOLOMEW, C. J. This was an action brought to foreclose

two real estate mortgages upon the same property, and the prayer asked for a personal judgment for deficiency. Louisiana E. Moore, the respondent was the original mortgagee. The defendant Barbara J. Webb, who is the daughter of respondent, was the mortgagor, and the appellants, Booker and Ryan, were charged as subsequent grantees of Webb. It was against them that the personal judgment was asked. They resisted on the ground that they never assumed the payment of the mortgages. The trial court found the issues against them. All the evidence for plaintiff, not documentary, was in form of depositions, all of which were taken at Spokane Falls, in the State of Washington, upon one notice, before one notary, and on the same day. The first assignment of error relates to the refusal of the court to exclude these depositions. At the proper time, and in the proper manner, Booker and Ryan moved to suppress the depositions, for the following reasons: "(1) That the notice does not sufficiently state the place or office at which such depositions will be taken; (2) that it does not appear, by the certificate of the notary or elsewhere, in said deposition, that the notary taking said deposition was or is not a relative of either party, or otherwise interested in the above action; (3) that it does not appear in said deposition, by certificate or otherwise, that the person who wrote said deposition was a disinterested person." Other reasons are urged in argument, but no others were assigned in the motion, and obviously no others can be now considered.

The notice of taking the depositions stated they would be taken "by and before J. B. Wood, Esq., a notary public of the State of Washington, at his office in the City of Spokane Falls, in the County of Spokane, and State of Washington." The point urged is that the notice does not specify the street or number where the office of the notary is located. But there is nothing before the court to show that the streets of Spokane Falls are named, or the buildings thereon numbered. We are not charged with judicial knowledge of the condition of all the cities of other states, or the number of inhabitants therein. *Britton* v. *Berry*, 20

Neb. 325, 30 N. W. 254. Were it otherwise, until these defend-
ants make some showing that they desired to attend or be repre-
sented at the taking of the depositions, or make some effort to
attend, or were in some manner prejudiced by the indefiniteness
of the notice, we should hestitate to exclude depositions upon
such a technicality.

Nor is there merit in the second objection. Section 5287 of the
Compiled Laws, provides: "The officer before whom depositions
are taken must not be a relative or attorney of either party, or
otherwise interested in the event of the action or proceeding."
The officer's certificate in this case is silent upon that point, but
we do not think this raises a presumption that the statute has
been violated. The presumption is the other way. If the statute
has been violated, that fact must be made to affirmatively appear.
*Turner* v. *Hardin*, 80 Iowa, 691, 45 N. W. 758; *Gregg* v. *Mallett*,
(N. C.) 15 S. E. 936; *Colgin* v. *Redman*, 20 Ala. 650. Our statute
does not require the certificate to speak upon that point.

The third objection arises from a misapprehension. The certi-
ficate states: "That the foregoing deposition of each of said
witnesses was reduced to writing by Grant J. Bowan, a suitable
and proper person for that purpose, in my presence, and in the
presence of each of said witnesses." That is a full compliance
with the statute which requires the officer to state in his certificate
"that the deposition was reduced to writing by some proper
person, naming him." The depositions were properly admitted.

The learned counsel for the appellants contends that the court
erred in refusing to exclude from the depositions, upon his appli-
cation, all parole evidence tending to prove that appellants
assumed and promised to pay the mortgages existing on the real
estate at the time of the sale. Counsel's argument is based, as
we understand it, upon the fact that the deed by which the
property was transferred contains no assumption upon the part
of the grantee of the existing mortgages, the only reference
thereto being in the covenant of warranty, wherein the grantor
covenants that the land is free of all incumbrances except the two

mortgages here involved. Counsel cites numerous authorities illustrative of the very elementary propositions that a written contract cannot be varied, contradicted, or added to by parol; and that, when parties have deliberately put their contract in writing, such writing, in the absence of mistake or fraud, is the sole depository of their agreement, and that no evidence can be received of prior or contemporaneous conversations or understandings. The difficulty lies in the fact that these principles have no application in this case. It was entirely proper that the existing mortgages should be excepted from the covenant of warranty. But the fact does not show that the grantee did or did not assume the payment of such mortgages. The contract by which a grantee assumes the payment of existing incumbrances is separate and distinct from the conveyance. It may be, and often is, embodied in the deed; but it may be by separate writing, or it may rest entirely in parol. In either case, where, as is claimed in this instance, the amount of the incumbrance is deducted from the purchase price, and the balance only paid to the grantor, the contract to assume the incumbrance is an original promise on the part of the grantee to pay his own debt in a particular manner; and the holder of the incumbrance can take advantage of this promise, in a court of equity, and obtain a personal judgment for deficiency against the grantee. *Wright* v. *Briggs*, 99 Ind. 563; *Merriman* v. *Moore*, 90 Pa. St. 78; *Lamb* v. *Tucker*, 42 Iowa, 118; *Winans* v. *Wilkie*, 41 Mich. 264, 1 N. W. 1049; *Bolles* v. *Beach*, 22 N. J. Law, 680; *Wilson* v. *King*, 23 N. J. Eq. 150; *Johnson* v. *Harder*, 45 Iowa, 677; *Ross* v. *Kennison*, 38 Iowa, 396; *Thompson* v. *Bertram*, 14 Iowa, 476; *Vrooman* v. *Turner*, 69 N. Y. 280; *Douglass* v. *Wells*, 18 Hun. 88; *Crowell* v. *Hospital of St. Barnabus*, 27 N. J. Eq. 650; *Conover* v. *Brown*, 29 N. J. Eq. 510. And in many courts this promise to assume and pay an incumbrance may be enforced in actions at law. See Jones, Mortg. § 758, and case cited in notes.

The appellants ask to eliminate from the depositions all evidence by which it was sought to establish that appellant Ryan

was the agent of appellant Booker, based upon the statements of
Ryan, made at the time of the transaction. This was refused,
and the refusal was clearly error, as an agents authority, or the
agency itself, cannot be established by the declarations of the
alleged agent. But in the final disposition made of the case this
error become entirely immaterial. At the close of plaintiff's
testimony appellants moved that the case be dismissed as to them
on the ground that there was no proof of authority on the part of
Ryan to assume incumbrances, and no ratification of such act.
The motion was denied, but appellants did not see proper to
stand upon the motion, but proceeded to introduce their testi-
mony; therefore, on the authority of *Bowman* v. *Eppinger*, 1 N.
D. 21, 44 N. W. 1000, and cases therein cited, we cannot review the
ruling. At the close of the testimony, appellants renewed their
motion, and it was again denied. But we think the subsequent
action of the court renders that ruling immaterial also. The
original complaint, after alleging the execution of the notes and
mortgages by Barbara J. Webb to Mrs. Moore, set up that "the
defendant Barbara J. Webb, sold and conveyed to the defendant
Lewis E. Booker the mortgaged premises subject to said mort-
gage, and the said Lewis E. Booker, through his agent, George
W. Ryan, one of the defendants herein, covenanted and agreed
that they would assume said mortgage, and pay off and discharge
the same." That is to say, Booker, the principal, through Ryan,
the agent, covenanted that the principal and the agent should do
certain things. That is, of course, an impossible statement, as
the principal, through the agent, cannot contract for the agent.
That would be to make the principal the agent and the agent the
principal. If there was any contractual obligation resting on
Ryan, he made it himself. But there was no pretense in the
original complaint that he contracted for himself. The only
liability that could rest upon Ryan under that complaint would
arise from his misrepresentations as to his agency, and that would
be a liability of which respondent, Moore, could take no advantage.
So far the complaint showed, Ryan was improperly in the case.

But the second finding of facts reads: "Found, that the defendant George Ryan purchased from defendant Barbara J. Webb the estate described in the complaint for the joint benefit of himself and the defendant Lewis E. Booker, and that the title to said property was taken in the name of the defendant Booker, and said Booker accepted said conveyance." The court also ordered the complaint to be amended to correspond with the findings. This was done, and the amended complaint, instead of charging a purchase by Booker, through Ryan, as agent, charged a purchase by Ryan for the joint benefit of himself and Booker; thus making, in connection with the other averments, a cause of action against Ryan as well as Booker. It is urged upon us with much force that there is no warrant in our statutes for this action of the court, or, if warranted by law, still it was an abuse of discretion. Doubtless the trial court acted under § 4938, Comp. Laws, which reads: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any plead-ing, process, or proceeding, by adding or striking out the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conform-ing the pleading or proceeding to the facts proved." It is first urged that the evidence does not establish the fact which the court found, and with which the pleading was made to conform. We think otherwise. In the first place, the joint answer of the appellants to the original complaint states: "Defendants admit the purchase of the property set forth and described in plaintiff's complaint from Barbara J. Webb, and admit that they purchased the same subject to the mortgage against said property." This, standing alone, in view of the peculiar language of the complaint, might not be conclusive upon appellants; but Mr. Ryan went upon the stand as a witness for himself and Mr. Booker, and in his testimony he clearly states that he bought property for him-self and Mr. Booker. He claims that he had no antecedent authority from Mr. Booker; that he made the purchase on his

own responsibility; took the deed in Booker's name; that Booker accepted the deed; and, when the matter was explained to him, he was fully satisfied. This evidence clearly sustains the findings, and it comes from appellants.

Did the amendment change substantially the claim or defense? The claim in the original complaint, so far as the appeal involves it, was for a personal judgment for deficiency against appellants. Under the amended complaint it is not different, and under either complaint the claim grows out of the same transaction. The defense that the incumbrances were not assumed is as complete to one complaint as the other. The amendment was a matter entirely within the sound discretion of the trial court, and we cannot say that such discretion was abused. The court found as follows: "Found, that as a part of the purchase price of said property the defendant Ryan agreed to pay the debts secured by the mortgages described in the complaint; that said defendants, Booker and Ryan, have not paid the said debts, nor any part thereof." If the judgment against Mr. Booker can be sustained, it must be upon this finding. Upon its face, the language would rather appear to exclude any promise by or in behalf of Mr. Booker. But the finding is fragmentary and ambiguous. All the findings should be construed together. From the second finding it appears that Ryan was the party who carried on and concluded the negotiations for the purchase, but that the purchase was for the joint benefit of himself and Booker. It may be only fair, then, to say that when, in the next finding, the court says that Ryan promised, it was speaking of him in the capacity in which the former finding showed him to be acting—*i. e.* in his own behalf, and as agent for Booker. It is our duty, also, in this connection, to remember that these findings are followed by a conclusion of law to the effect that plaintiff was entitled to a personal judgment for deficiency against these defendants. Without a finding of a promise to pay or assume the incumbrance, binding upon Mr. Booker, this conclusion would be clearly and palpably unwarranted. These considerations lead my associates to the conclu-

sion that what the court intended to find and what it did in fact find was that Ryan, for himself and as agent for Booker, promised, etc. It is constantly urged upon us that there is no evidence that Ryan had any authority from Booker to assume the mortgages. This was not necessary. Ryan himself testified to the purchase by him for their joint benefit; that he took the conveyance in Mr. Booker's name, and forwarded it to him; that he drew upon the bank of which Mr. Booker was president for the cash payment of $2,000, and that his draft was honored, and that Mr. Booker was well satisfied with the arrangements. He also testified that at the same time, and as a part of the same deal, he purchased from the same grantor, and for the joint benefit of himself and Mr. Booker, several other parcels of realty, and as part payment therefor he assumed certain debts of the grantor, which were subsequently paid by the grantees. These facts establish an agency broad enough in its terms to warrant the agent in assuming these mortgages. In so doing the agent simply provided for payment in a manner that required less ready money to close the transaction. See *Schley* v. *Fryer*, 100 N. Y. 71, 2 N. E. 280.

The findings are sufficient to warrant the judgment, if they are supported by the evidence, and this is the only remaining question. The original complaint charged a purchase by Booker, through Ryan as agent. The complaint was in that condition when the testimony was taken, and all the evidence on the part of plaintiff tended to support the complaint. There is no claim of any individual promise on the part of Mr. Ryan. He simply claimed to be representing Mr. Booker; but if he was in fact representing himself alone, or jointly with another, he would be personally bound by any promise he made on behalf of his fictitious or assumed principal. The evidence of a joint purchase came from defendants' witness, and they cannot complain that the court so found. Plaintiff's witnesses testified only to the representations of Mr. Ryan. Their evidence upon that point may be entirely true, and yet the purchase may have been in fact for the joint benefit of these defendants. But four witnesses for plaintiff

testify with more or less directness that Ryan promised to assume and pay off these incumbrances. This Mr. Ryan contradicts unqualifiedly, and there are many facts and circumstances in the case that seem to corroborate him, but it is too clear for hesitation that in this condition of the testimony we cannot say that the finding of the trial court was against the clear preponderance of the evidence, and consequently the judgment below must in all things be affirmed.

### ON REHEARING.

On the petition of appellants a rehearing was ordered in this case, mainly upon the point hereinafter discussed, and which has been fully argued by counsel for the respective parties. After the case had been argued and submitted upon the former hearing, and without any application to this court, or leave of this court in any manner obtained or requested, the respondent, on notice to appellants, applied to the Judge of the District Court to have the bill of exception in the case amended and corrected. At the appointed time counsel appeared before the Judge of the District Court, and urged the same objections against any action by that official that are urged here, which are, in effect, although in many forms, that such judge was without power or right, in the then condition of the case, to in any manner change the record. These objections were overruled, and the amendment or correction ordered, the appellants saving an exception. The amendment having been made, respondent applied to a judge of this court, under Rule 37, and obtained an order directing the clerk of the District Court to transmit the amendment to this court. This was done, and the amendment was in this court and treated as a part of the record when the former opinon was handed down. It appears that at the trial below, the plaintiff, who is respondent here, offered in evidence what purported to be a letter written by the defendant Booker to the plaintiff. The record, as it originally came to us, showed that the defendants objected to the introduction of the letter, for the reasons that the same was "incompetent, irrelevant, and immaterial, and no proper

foundation laid for its introduction." The objection was over-ruled, and the letter received. This, we understand, is in accord with the stenographer's notes, and appellants claim in accord with the facts. The amendment makes the record show that when the objection as above stated was made to the letter, counsel for the defendants at the same time admitted the signature to the letter to be the genuine signature of the defendant Booker. The letter is as follows: "Pembina, Dak., Sept. 14th, 1891. Mrs. L. E. Moore, San Jose, Cal.—Dear Mrs. Moore: I am just in receipt of yours written Aug. 28th, and held at your office for postage. In reply, I will not pay off the mortgage, as I only expected to get the rent of the property for the taxes I paid on the house. Now, you may have the deed of the property for your mortgages, only I want the money I paid for taxes. I did not assume the payment of the mortgages, and do not expect to pay it. You have the same protection you had before I bought the property, hence you cannot think that I am doing you any injustice. Rather than have you think so, I would lose one-half of the amount. I paid taxes, and give you a deed. Mr. Ryan bought the property, put it in my name in order to secure the money advanced, and I was to have ½ interest in the profit if anything was made upon the investment. I do not want the property myself at any reasonable price, as it is too good to rent, and is running down every day, with that Irish family in it, and there is no one here able to buy it to live in. My uncle made Mr. Ryan an offer for it, but I hardly think he wants it now, as his wife has concluded the weather is too cold here. With kindest regards and best wishes, I am, sincerely your friend, L. E. Booker." It is at once apparent that, if the letter was in fact the letter of Mr. Booker, it is competent, and quite material; and, if the signature was admitted, then the letter was properly received in evidence. On the other hand, if the signature was not admitted, and if the objection was broad enough to cover that point, the letter was improperly received. Hence the materiality of the amendment. We are all agreed that, under the circum-

stances as they existed, the trial judge could not amend or correct the bill of exceptions. As we have stated, there was no application to this court, no suggestion here of a diminution or imperfect record. Under our practice statutes, when an appeal is taken, unless the trial court expressly orders otherwise, the original papers and record in the case are transmitted to this court. No such order was made in this case, consequently the original record came to this court, and was the record of this court at the time the amendment was made. There was no record in the trial court to be amended or corrected. There is not entire uniformity in the decisions touching the power of the trial court to make orders in a case while it is pending on appeal in a higher court. In *Levi* v. *Karrick*, 15 Iowa, 444, the Supreme Court of that state said: "The simple matter of fact is that when an appeal is taken all power of the court below over the parties and the subject matter of the controversy is lost until the cause or some part thereof, is remanded back, by order of this court, for its further action." And this was reaffirmed in *Carmichael* v. *Vandeburr*, 51 Iowa, 225, 1 N. W. 477, which was an appeal from an order of the trial court refusing to entertain a motion in a case pending on appeal. In *Perry* v. *Breed*, 117 Mass. 155, the court say at page 164: "In strictness, after a bill of exceptions has been once allowed, and has been entered in this court, this court has exclusive jurisdiction of it, and the judge below cannot alter it without the authority of this court." But it is said to be the common practice in that state, on motion of either party before argument, and on cause shown, to postpone the hearing, and authorize an application to the trial court to correct the bill. See, also, *Penrice* v. *Wallis*, 37 Miss. 172; *Keyser* v. *Farr*, 105 U. S. 265; *State* v. *Jackson* (N. C.) 16 S. E. 906. The record was amended in *State* v. *Town Board*, 69 Wis. 264, 34 N. W. 123, but it was based exclusively upon the fact that the record still remained in the trial court, not even a transcript having been sent to the supreme court, although the appeal had been perfected. But see *Rehmstedt* v. *Briscoe*, 55 Wis. 616, 13 N. W. 687. In *National City Bank*

*v. New York Gold Exchange Bank*, 97 N. Y. 645, the court of appeals held that the supreme court had power to amend its record after appeal. While it is not so stated, yet it is evident that the record amended remained in the supreme court. In Elliott, App. Proc. § 205, it is said: "We have elsewhere pointed out the difference between the record of the trial court and the record on appeal, and have shown that the difference is an important one, inasmuch as over the one record power remains in the trial court, while over the other it resides exclusively in the appellate court." From these authorities it appears that, while in some jurisdictions the record remaining in the trial court may be amended or corrected by the trial court after an appeal is perfected, yet the prevailing doctrine would seem to deny any power in the trial court to change the record in any manner that would affect the disposition of the case in the appellate court, without an application to the appellate court to have the record remanded for amendment or correction. The facts of this case require us to go to no greater length than to hold that when, upon an appeal to this court, the original papers are sent up, and when the case has been argued and submitted upon the record as thus sent to this court, the trial court has thereafter no power to amend or correct the bill of exceptions as contained in the record, unless, upon application to this court, the bill is remanded for that purpose. Any other holding would be attended with great confusion, uncertainty, and delay, and ought not to be tolerated. See, also, *Chesley* v. *Boom Co.*, 39 Minn. 83, 38 N. W. 769; *Spensley* v. *Insurance Co.*, 62 Wis. 443, 22 N. W. 740.

With the amendment eliminated, the appellants insist that it was error to admit the letter in evidence over objections. Respondent claims that the objections are insufficient to raise a question on the signature. We think otherwise. The letter purported to be written by one of the defendants. Its contents related to the subject-matter in controversy. Plaintiff had a legal right to the benefit of any admissions made by Mr. Booker concerning the matter in dispute. There was but one prerequisite,—such admiss-

ions must be shown to be the defendant's admissions. If in writing, and signed, the signature must be proven. When the objection was made that "no proper foundation had been laid," it could refer only to the fact that the signature had not been proven, as no other foundation was required. Neither court nor opposing counsel could have been misled. It follows that the admission of the letter in evidence was error. Was it prejudicial error? Respondent insists that it was not, but we are unable to so hold. Error once established, prejudice will be presumed, unless it clearly appears that prejudice could not have resulted. *Comaskey* v. *Railroad Co.*, 3 N. D. 276, 55 N. W. 732; *Hegar* v. *De Groat*, 3 N. D. 354, 56 N. W. 150. The letter unmistakably conveys the impression that Ryan was interested in the property, and the court so found, although the original complaint charged a purchase by Booker, through Ryan as agent, and all of the witnesses for respondent so testified. In the absence of the alleged letter, the court might have so found. Had the court so found, it is far from certain that it could have further found that Ryan was ever authorized by Booker to make the purchase and assume the incumbrances, or that Booker ever ratified the acts of Ryan with knowledge of the facts. We think the error was prejudicial, and requires a reversal, and we reach this conclusion with less reluctance by reason of the unsatisfactory condition of the pleadings upon which the case was tried, and the difficulty we have experienced in ascertaining just what the trial court intended to find, and the basis of its conclusions. The District Court will reverse its judgment, and order a new trial.

Reversed. All concur.

CORLISS, J. (concurring). This case was tried on one theory, and decided on another some time after it had been finally submitted, and the pleadings were then ordered amended to conform to this new theory of the action. The letter, which we hold should not have been admitted in evidence, because of the failure of plaintiff to show that it was the letter of defendant Booker, appears to have been a very important factor in determining the

action of the learned trial judge in changing the whole theory of the case,—if, indeed it was not decisive in influencing his mind to make such a radical change. The findings are very ambiguous. There is no express finding that Booker ever agreed to assume the mortgage; nor does it clearly appear from the findings that he originally authorized Ryan to make the purchase, or that he ratified the same with knowledge of the fact that Ryan had agreed to assume these mortgages. These considerations alone would not, however, constrain us to reverse the judgment for the reasons stated in the opinion of Judge Bartholomew. But they would be sufficient to turn the scale, even if we were in doubt whether the defendants had been prejudiced by the reception in evidence of this letter. Moreover, a reversal would only lead to a new trial, on which the issues can be tried as now framed, and the findings on this trial will doubtless clearly disclose the theory on which the defendants are held liable, should the judgment be against them. As plaintiff's evidence is substantially in the form of depositions which can be used on the new trial, such trial will not be attended by much inconvenience or expense to her.

(62 N. W. Rep. 607.)