## GROVER v. BISHOP.

MORTGAGE FORECLOSURE — DEFICIENCY JUDGMENT — LIABILITY OF
SUBSEQUENT GRANTEE—SUFFICIENCY OF EVIDENCE.

On a bill to foreclose a mortgage against the mortgagor and his
subsequent grantee, evidence examined and *held* insufficient
to show that the grantee assumed and agreed to pay the
mortgage debt, so as to entitle the mortgagee to a decree for
deficiency against the grantee.

Appeal from Oakland; Smith, J.   Submitted November 18, 1904.   (Docket No. 113.)   Decided December 14, 1904.

Bill by Melita C. Grover against Frank P. Bishop and others for the foreclosure of certain mortgages.   From a decree for complainant but denying a personal deficiency decree against defendant Bishop, complainant appeals. Affirmed.

This is a suit in chancery to foreclose two mortgages given by defendants Miller to complainant.   The only question in the case is whether complainant is entitled to a personal decree for the deficiency against the defendant Bishop.   The amounts due upon the mortgages exceed by considerable the value of the land.   The Millers were evidently insolvent.   On August, 1898, the Millers executed to complainant a quitclaim deed of the land covered by the mortgages, with the agreement that the deed should not be recorded for several months, and that the Millers could redeem at any time before it was recorded. Defendant Bishop knew of this deed, and of the condition under which it was made.   Unless redeemed, the understanding was that complainant should take the land and discharge the debt.

The Millers also had a contract for the purchase of other

lands, which were not worth the amounts due upon the contracts. They had some personal property, which was also mortgaged, but which did not exceed in value the amount secured thereby. They also owned a small unincumbered piece of land, worth about $500, and a small amount of unincumbered personal property. On August 10th the Millers executed to Bishop a quitclaim deed of all these lands, and a bill of sale of the personal property. The Millers had abandoned any idea of redeeming, and therefore sold the land to Mr. Bishop. Soon thereafter complainant filed this bill of foreclosure, and prayed for a decree against Bishop for any deficiency that should occur upon the sale. The court held that Bishop was not liable, and refused a decree against him for the deficiency.

*George O. Kinsman* and *William T. Hosner*, for complainant.

*Geer, Williams & Halpin* ( *T. C. Taylor*, of counsel ), for defendant Bishop.

GRANT, J. (*after stating the facts*). Complainant claims that there was a parol agreement between the defendants Miller and Bishop that he (Bishop) should pay complainant the amount due upon her mortgages, and that that agreement, under *Crawford* v. *Edwards*, 33 Mich. 359; *Higman* v. *Stewart*, 38 Mich. 522; *Winans* v. *Wilkie*, 41 Mich. 264, and other cases, entitled her to a decree for a deficiency against Bishop.

The principal question is one of fact: Did Bishop make such an agreement with the Millers ? No witness for the complainant testifies that Mr. Bishop said he would pay these mortgages, but only that he said he would settle with complainant. Bishop denies any such contract. There certainly was no reason why he should agree to pay. If we take into account the value of all the property transferred to Bishop by the Millers, we do not think it equal to the amount of the liens thereon. The evident arrangement was that Bishop should purchase the equity of

redemption, and, if he could make a satisfactory compromise with complainant, so as to justify him in redeeming, he might do so. Under the situation as it then was, complainant had agreed, in consideration of the deed, to take the lands and discharge the debt, if paid within a certain time. We think that the complainant failed to prove any contract on the part of Bishop to pay the mortgages in consideration of the transfer of the deeds to him. This conclusion renders it unnecessary to determine other questions that are raised.

Decree affirmed, with costs.

The other Justices concurred.