THE STATE EX REL. TAYLOR, Respondent, vs. THE TOWN BOARD OF SUPERVISORS OF THE TOWN OF DELAFIELD, Appellant.

*September 2 — September 20, 1887.*

AMENDMENT, *correcting mistakes after appeal taken.*

1. Errors, occurring through inadvertence or mistake, in the recitals of an order for a peremptory writ of *mandamus,* may be corrected by order of the trial court while the papers in the case still remain of record therein, by amending them so as to conform to the facts and the order actually pronounced by the court, notwithstanding an appeal from such order has been taken and perfected by the defendant; and this may be done at a subsequent term, or even after the expiration of a year.

2. When the return to an alternative writ of *mandamus* presents traversable issues, the court ought not to grant a peremptory writ upon sustaining the relator's demurrer *ore tenus* to such return.

State ex rel. Taylor vs. Town Board of Supervisors of Delafield.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that January 25, 1886, the circuit court issued an alternative writ of *mandamus* against the defendants, commanding them to immediately proceed to lay out the highway described, as commencing at a point where the town road, running westerly through the southern part of section 6 in the town of Pewaukee, in said county of Waukesha, intersects the town line between the towns of Pewaukee and Delafield, and running thence on the most favorable ground across the land of A. A. Aiken, in section 1 of said town of Delafield, to intersect, on the north side of the Chicago, Milwaukee & St. Paul Railway, the road running north and south through section 1 of said town on the west side of said A. A. Aiken's land, at some point as near the said railroad as practicable, or show cause to the contrary on a day named. The defendants thereupon made return to said writ, to the effect that there was no point where the town road running west through the southern part of said section 6 intersected the town line between said towns; that Pewaukee lay contiguous to Delafield on the east,— the west boundary line of Pewaukee coinciding with the east boundary line of *Delafield;* that the said town road, running through the southern part of said section 6, had its western terminus at a point more than forty rods east of the boundary line between said towns; that a road laid out across the land of A. A. Aiken on section 1 of Delafield, to intersect, on the north side of the said railway, the town road running north and south through section 1 of said town, on the west side of A. A. Aiken's land, would not connect at its easterly end with any highway whatever; and that a road laid out to connect the said north and south road in section 1 of the town of Delafield, with the said town road in the southern part

of said section 6, would necessarily extend into each of the said towns.

February 16, 1886, the relator moved the court to dismiss said return for frivolousness, and, upon the hearing of said motion, the same was denied with $10 costs; and the plaintiff was thereupon allowed by the court twenty days within which to answer said return. February 23, 1886, the relator put in a reply to said return.

Upon the hearing of such issues the relator entered a general objection to any evidence under the return, and filed a formal motion in writing for a peremptory writ of *mandamus,* upon which motion the court made an order, July 23, 1886, reciting that " the relator having demurred to such return *ore tenus,* upon the ground that such return does not set forth any facts constituting an excuse for not laying out said highway, which demurrer was, and is hereby sustained," and thereupon it ordered that a peremptory writ issue; and that the relator recover his costs and disbursements in the matter to be taxed. August 13, 1886, that peremptory writ was served upon the defendants, who thereupon excepted to said order; and August 18, 1886, they appealed therefrom to this court, and the appeal was on that day perfected.

August 21, 1886, the relator, upon an affidavit of one of his attorneys, obtained an order to show cause, at the next September term of the court, why said order bearing date July 23, 1886, should not be amended by changing the recitation therein, to the effect that the same was " issued upon the overruling of the demurrer *ore tenus* to the respondent's return to the alternative writ of *mandamus* in this matter," to the recitation that it was "so issued upon the finding on the trial of the issue upon said return (as the fact is), and that in the mean time all further proceedings in this matter be stayed."  At that time the record on the appeal had not been transmitted to this court, but was still in the circuit

court. Upon the hearing of that motion, and upon motion of the relator, the trial court, on September 7, 1886, made two orders to the following effect, to wit: (1) "That the order for the issuing of a peremptory writ of *mandamus* herein be, and the same is hereby, amended in pursuance of the motion for such amendment on file in this matter." (2) An order reciting that "the issue joined upon the return of the respondent to the alternative writ of *mandamus* heretofore issued herein having been this day tried by and before the court, and the same having been found by the court in favor of the relator," and thereupon, and on motion of the relator, "it was ordered that a peremptory writ of *mandamus* do issue," etc. From each of said orders the defendants appeal to this court.

*Edwin Hurlbut*, for the appellant. As the questions raised by the first appeal are not touched upon by the opinion of the court, his arguments in support of the demurrer are omitted. As to the second appeal, he argued that the orders appealed from were made after the first appeal had been perfected and proceedings stayed thereby, and consequently they were void. *Hudson v. Smith*, 9 Wis. 122; *N. W. M. L. Ins. Co. v. Park Hotel*, 37 id. 125; *Matteson v. Curtis*, 14 id. 436; *Tomlinson v. Nelson*, 49 id. 679; *Kidder v. Fay*, 60 id. 218. The court can relieve a party from an order only when it is against him. Sec. 2832, R. S. The statute gives the court no authority to amend an order upon a motion made at a subsequent term. *Breed v. Ketchum*, 51 Wis. 164; *Baker v. Baker*, id. 538; *Loomis v. Rice*, 37 id. 262. There is no authority for making such orders after the trial of an issue of fact, as in this case, but a judgment must be entered. Sec. 2863, R. S.

For the respondent there was a brief by *W. H. Thomas*, attorney, and *A. Cook*, of counsel, and oral argument by *Mr. Cook*. They argued that the record was still in the circuit court when the orders were made, and that court had juris-

diction.  They were such as the supreme court would have made, and therefore not erroneous.  *Trowbridge v. Barrett*, 30 Wis. 661; *City Bank v. McClellan*, 21 Wis. 113; *Fairchild v. Dean*, 15 id. 206.  The application was to correct a mistake, and courts of record may exercise that power at any time.

CASSODAY, J.  It appears from the affidavit upon which the order to show cause why the recitals in the order, made July 23, 1886, should not be corrected so as to conform to the facts, that such recitals were in the order by a mere inadvertence or mistake; and were contrary to the facts upon which the order was based.  This is not disputed. The only answer made to the order to show cause was that an appeal had previously been taken and perfected from the order of July 23, 1886.  The papers in the case, however, were still of record in the trial court.  The mere fact that an appeal had been taken did not deprive the court of jurisdiction to correct a clerical mistake in the recitals or wording of that order, so as to conform to the facts and the order actually pronounced by the court.  It is settled that the trial court has power to make such correction at a subsequent term; and even after the expiration of a year. *Williams v. Hayes*, 68 Wis. 248.  This being the so, the court properly made the correction.  The two orders, bearing date September 7, 1886, are both, therefore, affirmed.

As the return to the alterative writ tendered a traversable issue, it was, as appeared upon the face of the order bearing date July 23, 1886, an error to grant a peremptory writ of *mandamus* on sustaining the demurrer thereto *ore tenus*. That order was procured in that form by the relator without any fault of the defendants.  Technically, the defendants had the right to avail themselves of the error on appeal, at the time of taking the appeal therefrom.  The order bearing date July 23, 1886, is therefore reversed.

*By the Court.*— Ordered accordingly.