KELLY, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

<table>
<tr><td>70</td><td>335</td></tr>
<tr><td>74</td><td>560</td></tr>
<tr><td>70</td><td>335</td></tr>
<tr><td>88</td><td>175</td></tr>
</table>

*November 30 — December 13, 1887.*

*(1, 2) Practice: Appeal from order: Subsequent correction. (3) Negligence: Inconsistent verdict.* •

1. An order entered in the trial court may be corrected to make it conform to the order as actually announced, even after an appeal therefrom has been taken and return made to this court.
2. A party who has appealed from an order has a right to have his appeal determined without regard to any subsequent corrections of such order.
3. While plaintiff was attempting to alight from a railroad train it suddenly started, and she was injured in jumping to the platform. The jury found specially that she was not compelled to jump because of the starting of the train, but could, by the use of ordinary care and reasonable effort, have turned back or retained her place on the steps with safety to herself; also that she was not guilty of any want of ordinary care in leaving the train which contributed to produce the injury. *Held,* that such findings, if not inconsistent, acquitted the plaintiff of negligence, and the defendant was not prejudiced by an order setting aside the verdict as inconsistent.

APPEALS from the Circuit Court for *Fond du Lac* County.

Action by *Anna J. Kelly* to recover damages for personal injuries received by her, alleged to have been caused by the negligence of the employees of the defendant company.

In August, 1882, the plaintiff went upon a train of the defendant company at Fond du Lac, as a passenger, intending to leave the train at Van Dyne station, north of that city on defendant's railway. The testimony tends to prove that as the train approached Van Dyne she left her seat and went on the platform of the car in which she had been riding, preparatory to leaving the train. She had with her a little boy four years old, and an infant fourteen months old. The train stopped just as she stepped upon the plat-

form. She had her infant on one arm, and a large market basket full of merchandise on the other, and at the same time held the little boy, who was behind her, by the hand. She stepped on the first step of the car, and just as she was in the act of stepping to the second step the train suddenly started. She let go the hand of her little boy, and sprang to the platform of the depot with her infant. She did not fall upon the platform, but was seriously jarred by the suddenness of her motion. A passenger seized the little boy and jumped to the platform with him in safety. This occurred in the afternoon. The same evening the plaintiff was taken sick, and her sickness resulted a few hours later in a miscarriage, she being then five or six months advanced in pregnancy. This is the injury of which she complains.

The jury found specially (1) that the train on which the plaintiff was being carried did not stop at Van Dyne station a reasonable length of time to enable passengers, using due diligence, to alight therefrom; (2) that the plaintiff used due and ordinary diligence in leaving the train; (3) that when the train stopped, the plaintiff was standing on the platform of the car directly in front of the door; (4) that when the train started the plaintiff was on the first step downward of the car platform; (5) that the plaintiff was not compelled to jump from the steps of the car because of the starting of the train; (6) that she could, by the use of ordinary care and a reasonable effort on her part, have turned back or retained her place on the steps with safety to herself; (7) that she was not guilty of any want of ordinary care in leaving the train which contributed to produce the injury complained of; (8) that she sustained a shock by reason of jumping from the train which produced a miscarriage; and (9) that by reason of such injury she has sustained damages in the sum of $2,000.

Each party moved for a judgment on the special verdict. The court overruled both motions, and of its own motion

ordered " that the said special verdict be and the same is hereby set aside as inconsistent, and a retrial ordered.", Such order was made November 30, 1885. On December 18, 1885, the defendant appealed from so much of said order as denied its motion for judgment and awarded a new trial, and the return to such appeal was duly filed in this court three days later. Afterwards, during the same term at which such order was entered, the court, on motion of the plaintiff, amended the order so appealed from by inserting therein, immediately after the word " inconsistent," the words " and contrary to the evidence." It is recited in this order that it is made to correct the former order so as to conform the same to the order actually made, and the correction was made *nunc pro tunc* as of November 30, 1885. The defendant thereupon took another appeal from such corrected order. Both the above appeals are determined in the following opinion.

For the appellant there were briefs by *Jenkins, Winkler, Fish & Smith,* and oral argument by *H. C. Sloan.* To the point that upon perfecting an appeal jurisdiction passes out of the trial court and attaches to the appellate court, and the trial court is without power or jurisdiction to deal with the cause while the record remains in the appellate court, they cited *Gerard v. State,* 10 Tex. App. 690; *McGlaughlin v. O'Rourke,* 12 Iowa, 459; *Levi v. Karrick,* 15 id. 444; *Turner v. First Nat. Bank,* 30 id. 191; *Carmichael v. Vandebur,* 51 id. 225; R. S. sec. 3066; *Trowbridge v. Sickler,* 48 Wis. 427; *Rehmstedt v. Briscoe,* 55 id. 616.

*Edward S. Bragg,* for the respondent.

LYON, J. 1. It was competent for the defendant to appeal from the order of November 30, 1885, before the same was corrected. It did so appeal; and it has the right to have its appeal determined as the order then was, without regard to the subsequent correction thereof. It was so held

under very similar circumstances in *State ex rel. Taylor v. Sup'rs of Delafield*, 69 Wis. 264. . The question to be determined on the appeal from that order is, therefore, Are the sixth and seventh findings of fact inconsistent with each other? That they are inconsistent, or, if not so, that they acquit the plaintiff of negligence, seems to us too clear to be denied or doubted. The sixth finding is that the plaintiff could, by the use of ordinary care and reasonable effort, have remained where she was, or retraced her steps, with safety to herself. She failed to do so, but jumped upon the platform of the depot and was injured. Yet, notwithstanding her failure to save herself from injury by the exercise of ordinary care, the jury find she was not guilty of any want of ordinary care in leaving the train as she did. The jury may have predicated the seventh finding upon the fact that the plaintiff was suddenly called upon to decide what course she should pursue in the presence of imminent peril, and that it was not negligence on her part that she erred in judgment in deciding upon her course of action. The following remarks of this court in *Schultz v. C. & N. W. R. Co.* 44 Wis. 638, are peculiarly applicable to this case: " It is probably true that had the plaintiff gone upon the east side of the track, or into the open space in the side of the coal-house, he would have escaped injury. But it cannot be held that he was absolutely guilty of negligence because he failed to take one of these methods of escape. He was acting on short notice in the presence of imminent danger. He had no time to calculate chances, or to deliberate upon the means of escape. He was compelled to act at once, and it would be most absurd and unjust to hold him negligent because the instinct of self-preservation did not suggest the most effectual method of escape from the peril. The jury might well find (as they did) that he was not negligent merely because there was a better way of escape than that which he chose."

If such is the significance of these apparently conflicting findings, it does not aid the defendant, for in such case, instead of a new trial being ordered, judgment should have gone for the plaintiff. But however that may be, it is impossible to construe the special verdict as finding that the plaintiff was guilty of contributory negligence. It follows that the order of November 30th, as originally entered, was most favorable to the defendant, and hence that the defendant has no good reason to complain of it. It must, therefore, be affirmed.

2. Having determined that the order of November 30, 1885, was properly made, it necessarily follows that the defendant was not injured by the subsequent correction of that order.

It is claimed on behalf of the defendant that the court had no power to amend the order after the appeal there-from and the return to this court. We think this position cannot be maintained. The appeal from an order does not necessarily take from the circuit court jurisdiction over the subject matter thereof. Proceedings upon an appealed order may be stayed on certain conditions prescribed by statute (R. S. sec. 3060), but no such procedure was had upon the appeal from the original order of November 30, 1885, and the case comes within the provision of the same section to the effect that the appeal shall not delay the execution of the order. It is quite immaterial that the original order was returned to this court, for it still remains of record in the circuit court. R. S. sec. 742. We conclude that the court had jurisdiction to correct the order to make it correspond with the order which the court actually announced.

For the above reasons the amendatory order must also be affirmed.

*By the Court.*— Both orders appealed from are affirmed.