MARY ANDRESEN, ADMINISTRATRIX OF THE ESTATE OF
DORA WITTE, v. LEDERER & STRAUSS.

FILED DECEMBER 21, 1897.    No. 7653.

1. **Courts: POWER TO CORRECT RECORDS.** A court of record has the inherent power to correct its own records, even after an appeal, so that such amended record may show correctly the history of the proceedings in the district court before the appeal therefrom.

2. ———: ———. A trial court, after an appeal has been perfected therefrom, has no power to so correct its records, that, in fact, a modification of the judgment already appealed from shall be effected. NORVAL, J., dissenting.

3. **Amendment of Records: REVIEW.** The ruling of the district court in this case is reversed in view of the fact, on the one hand, that, if the amendment reciting that the judgment was "upon agreement of parties" was tantamount to a substantive order after appeal it was void and should not have been considered by the district court, and if, on the other hand, it was a mere recitation of events which had occurred during the progress of the trial in the county court, the district court should not have held the appeal necessarily to have been vitiated by the amendment, as it did by dismissing the appeal because of the recitation of such amendment. NORVAL, J., dissenting.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*Bochmer & Rummons* and *W. E. Stewart,* for plaintiff in error.

*Roscoe Pound* and *Burr & Burr, contra.*

RYAN, C.

These error proceedings are prosecuted for the reversal of an order of the district court of Lancaster county whereby was sustained a motion of Lederer & Strauss to dismiss an appeal from the allowance in favor of said Lederer & Strauss of a claim recited in the transcript as having been heard "upon agreement of parties" in the county court of said county. The history of the case in the county court is as follows: On December 4, 1893, the

claims of the State Savings Bank, John L. Carson, and Lederer & Strauss, respectively, against the estate of Dora Witte came on in said county court for hearing. The claimants were represented by counsel, and the administratrix of the estate of Dora Witte, with her counsel, also appeared. The record recites the same proceedings to have been had on each claim, but, as we are now considering that of Lederer & Strauss alone, the portion of the history pertaining thereto in the various stages of the case will be stated. In the record of the county court it is recited that "Upon consideration of the agreement of parties the court finds," etc. The allowance thus appears to have resulted from, and to have been founded upon, the agreement of the parties concerned, made in open court while this claim was under consideration. On January 6, 1894, the administratrix of the estate of Dora Witte filed her motion in the county court asking that the record above referred to be amended so as to conform to the facts as she alleged them to be. This motion was, on the date last mentioned, sustained, and accordingly the record was thereupon made to recite that the order of allowance of date December 4, 1893, had been entered "upon consideration of the evidence introduced." While an appeal from the allowance of this claim was pending in the district court upon the record of the county court in the condition indicated, Lederer & Strauss, having notified the said administratrix that application would be made, presented in the county court, on February 20, 1894, a motion asking, in effect, that the record on the hearing of the claim in that court might be restored to the conditions existing before the amendment procured by the administratrix had been made. This was sustained and accordingly the record was again made to show that the allowance of the claim was "upon agreement of parties." Before another move was made in the county court the last of its amendments was, upon suggestion of a diminution of the record, allowed to be filed in the district court. Very soon

thereafter Lederer & Strauss filed a motion to dismiss the appeal from said district court because the judgment appealed from had been rendered by agreement of parties. This motion was sustained. There was another ground stated in the motion which need not be considered, for the reason that the ruling of the district court must be justified, if at all, upon the ground above stated.

It has been held that the district courts of this state have power to correct at a subsequent term of court any errors or defects which may have occurred through the mistake or neglect of the clerks of said district courts so as to make the judgment entry correspond to the judgment actually rendered. (*Brownlee v. Davidson*, 28 Neb. 785; *Hoagland v. Way*, 35 Neb. 387; *School District v. Bishop*, 46 Neb. 850; *Wachsmuth v. Orient Ins. Co.*, 49 Neb. 590.) It scarcely admits of doubt, under the authorities cited and the current of decisions of the courts of this country, that this power to make amendments may be exercised without reference to the mistake or inaccuracy having arisen through the carelessness of a clerk. As a general rule, this right of amendment continues even after an appeal has been taken for a review of the judgment rendered by a court of record. (*Welch v. Damon*, 11 Gray [Mass.] 383; *De Kalb County v. Hixon*, 44 Mo. 341; *Jones v. St. Joseph Ins. Co.*, 55 Mo. 342; *Gamble v. Daugherty*, 71 Mo. 599; *City Bank v. Exchange Bank*, 97 N. Y. 645; *Guernsey v. Miller*, 80 N. Y. 181; *Chichester v. Cande*, 3 Cowen [N. Y.] 42; *Chestnutt v. Pollard*, 77 Tex. 87; *Cowan v. Ross*, 28 Tex. 228; *McNairy v. Castleberry*, 6 Tex. 286; *Kelly v. Chicago & N. R. Co.*, 70 Wis. 335; *State v. Supervisors of Delafield*, 69 Wis. 264.) The correctness of this rule, as an abstract proposition, is attended with no difficulty; but, as with many others, the difficulty arises when we attempt to treat it as of universal applicability. There is recognized by the courts another rule of very general applicability, and that is, that when an appeal is taken, all power of the court appealed from, to

change its judgment or modify its orders, ceases to exist until the cause or some part of it is remanded by the appellate court.  When there arises a conflict in the operation of these rules it is often difficult to formulate any general proposition fairly deducible from the adjudicated cases.  In Iowa it has been held that if a defective return of service of the original notice, answering the purpose of our summons, had been amended before an appeal had been perfected, the decree was binding, but that, if the amendment was made after appeal from the court whose jurisdiction had been determined by the appeal, the amendment was void.  (*McGlaughlin v. O'Rourke*, 12 Ia. 459.)  This inflexible rule was invoked and rigidly enforced in *Levi v. Karrick*, 15 Ia. 444, and *Turner v. Bank*, 30 Ia. 191.  In *Carmichael v. Vandebur*, 51 Ia. 225, it was held that where an appeal had been taken, the jurisdiction of the trial court was suspended so that it had no power to entertain a motion to correct an error in its proceedings.

In *Chestnutt v. Pollard*, 77 Tex. 86, it was said by Gaines, J., delivering the opinion of the court: "It is true that after an appeal or writ of error has been perfected, the district court has no further jurisdiction in the cause until it be remanded; but a court has authority, upon proper proof, to correct its minutes at any time so as to make them present a faithful record of its action. (*Cowan v. Castleberry*, 6 Tex. 286; *Russell v. Miller*, 40 Tex. 495.)"  In this case the correction in the trial court was the substitution of the correct number of the case wherein the decree had been rendered for an incorrect number which originally had been therein inserted. This false number was the sole ground for the contention that the decree had, in reality, not been rendered in the appealed case.  The authority of this case is, however, greatly impaired by the fact that it was held that the amendment not being misleading in view of the fact that otherwise than by number the case was sufficiently identified, the correction was with reference to an im-

material matter. As we understand the opinion in *Gerard v. State*, 10 Tex. App. 690, the amendment consisted in giving the names of twelve jurors, the record before correction having named but eleven. In this opinion there was used this language: "We cannot consider for any purpose the attempted correction of the record, made subsequently to the perfection of the appeal and after the jurisdiction had attached on appeal. After an appeal has been taken and the jurisdiction of the appellate court has attached, the case has passed out of the jurisdiction of the trial court and it can make no further order in the case. The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which the appeal was taken." The value of this case as a precedent is greatly impaired by the fact that it was held that other portions of the record probably sufficiently disclosed that there were twelve jurors, though in giving a list of them there were but eleven persons named as having served as such. We have found no other adjudicated case bearing upon this question in the courts of Texas, and must therefore leave the question in that state in the unsatisfactory condition above indicated.

In *De Kalb County v. Hixon*, *supra*, the syllabus, which reflects correctly the only point determined, was in this language: "Where, a cause having been appealed to the district court, the record showed a dismissal as to a certain defendant, but no final judgment, and a writ of *certiorari* in the cause showed that the judgment had been ordered, but the clerk had omitted to enter it of record, the court below properly ordered its records amended *nunc pro tunc*, so as to show that final judgment followed the order of dismissal. The court had lost jurisdiction of the case, but not of its records."

In *Kelly v. Chicago & N. W. R. Co.*, 70 Wis. 335, the trial court, upon its own motion, on November 30, 1885, had

ordered "That the said special verdict be and the same is hereby set aside as inconsistent and a retrial ordered." After this order had been entered an appeal was taken, and, still later the trial court, on motion of plaintiff, amended the above portion of the order by inserting the words "and contrary to the evidence," immediately following the word "inconsistent." Lyon, J., prefaced the opinion of the court which he delivered with these remarks: "It was competent for the defendant to appeal from the order of November 30, 1885, before the same was corrected. It did so appeal and it has the right to have its appeal determined as the order then was, with-out regard to the subsequent correction thereof. It was so held under very similar circumstances in *State v. Su-pervisors of Delafield*, 69 Wis. 264." It would seem from this adjudication to be the rule that the trial court has no right to prejudice an appeal already perfected by the insertion in its record of an amendment importing that a trial had been had in such a manner as to imply, for the first time, that questions of fact had been considered in that court. We presume this holding was influenced by a consideration of the well recognized presumptions which obtain in favor of the correctness of findings of fact made upon the evidence offered by the parties. An illustration of the hopelessness of an attempt, upon principle, to reconcile the decisions of the courts of this country with regard to what is permissible as showing merely what was done in the trial court as distinguished from what was tantamount to an order involving the retention by that court of jurisdiction after an appeal perfected therefrom, the *National City Bank v. New York Gold Exchange Bank*, 97 N. Y. 645, may profitably be examined in connection with *State v. Delafield, supra*. The case between the two banks was determined upon a motion to amend a return, and it was held that an amendment of a record which merely recited that the judgment had been reversed by inserting after the word "reversed" the qualifying words "upon questions of fact and law" was

such an amendment as could properly be made in the
trial court after an appeal from its judgment, and that
a motion to correct the return to show the amendment
with a view to its consideration by the appellate court
should be sustained. This was in direct conflict with
the holding of the supreme court of Wisconsin in *State v.
Supervisors of Delafield, supra,* and, on principle, cannot
be reconciled with the views entertained by the courts of
Iowa and Missouri, and probably Texas.

In the supreme court of California a case resembling
that under consideration was determined. (*San Francisco
Savings Union v. Myers,* 72 Cal. 161.) The syllabus of this
case was as follows:

"1. A motion was made to dismiss the appeal on the
ground that the judgment appealed from was entered
upon the mutual consent of the parties. The only evi-
dence of consent contained in the transcript consisted of
a written indorsement made in the margin opposite to
the copy of the judgment as follows: 'Indorsed in lead
pencil on the back of the original judgment is the
following: Agreed to. Pillsbury & Blanding, Lewis
Shearer, William F. Herrin.' The answer of the appel-
lant was subscribed, 'Wallace, Greathouse and Bland-
ing,' as his attorneys, for whom, after the entry of the
judgment, was substituted Edward Lynch, by whom the
notice of appeal was signed. Held, that the motion
should be denied.

"2. The superior court cannot deprive the supreme
court of jurisdiction of an appeal from a judgment by
amending it while the appeal is pending."

With reference to the first paragraph of the syllabus
above quoted it is quite evident that the court proceeded
upon the theory that the facts recited did not justify the
assumption that any agreement had been made. A por-
tion of the language of the opinion should be read with
reference to the subject-matter of the final paragraph,
for by that means we are enabled more satisfactorily
to realize the attitude of the supreme court of California

Andresen v. Lederer.

with respect to the question we now have under consideration. Referring to a former motion to dismiss on the ground described in the first paragraph of the syllabus, the opinion proceeded thus: "It is urged, however, that the new motion is based upon evidence of facts not presented nor relied upon when the former motion was made. The only new fact submitted on the hearing of the present motion is that, after the order denying the former motion to dismiss, the court below, on application of plaintiff, amended, or attempted to amend, the judgment appealed from by inserting therein, 'Pillsbury and Blanding, attorneys for the defendant, M. L. McDonald, * * * agreeing thereto.' If it be conceded the court below had power to amend the judgment, the amended judgment was substituted for the original, and, from the time of its entry, became the 'final judgment' in the superior court. We think it very plain that the superior court cannot deprive this court of jurisdiction of an appeal from a judgment by amending the judgment while the appeal is pending here." It is clear from the final paragraph of the syllabus, considered in connection with the language of the court above quoted, and the order which denied the motion to dismiss the appeal, that the supreme court of California was of the opinion that the insertion in the records of the superior court of words showing that the judgment appealed from had been entered by agreement had no effect upon such appeal, and that the amendment in question was not a mere correction of the recitations of a record, but was rather a prejudicial attempted modification of the judgment which had already been appealed from, which should not be tolerated in the appellate court. As we have already intimated, it is not difficult to formulate abstract general rules, which, applied to many cases, operate very satisfactorily. The difficulty is in the universal application of these rules, especially where, as in this case, they seem to conflict. The district court was evidently of the opinion that the amendment in the county

court, whereby the transcript from that court of record was made to show that the hearing had been entirely upon the agreement of parties, was more than a mere amendment of a recitation of facts which had transpired, for the motion to dismiss the appeal because of the judgment being founded upon such an agreement was by said district court sustained. If the district court correctly assumed that it should dismiss the appeal because the amendment was one which destroyed the right to a hearing in the appellate court, this amendment was in its effect more than a mere correction of the record to show the history of the case in the trial court, consequently the order dismissing the appeal must be reversed, for, under all the authorities, an attempted exercise of jurisdiction by the trial court after an appeal from that court cannot be suffered to prejudice the rights of the appellant. On the other hand, if, in fact, the amendment accomplished no more than correctly to recite what had transpired during the trial, and in no degree impaired the rights of the appellant to be heard in the district court on the record in the condition it was when the appeal was taken, then the district court erred in holding the amendment of such controlling force that, upon its being shown to exist, the appeal must be dismissed. In any event, therefore, the judgment of the district court must be, and accordingly it is,

REVERSED.