[No. 4692.  Decided September 11, 1903.]

M. C. SIMMONS *et al., Appellants,* v. J. M. JAMIESON,
*Respondent.*

EJECTMENT — EVIDENCE — LOCATION OF LOST MEANDER CORNER.

The testimony of a surveyor in a contest over a disputed
boundary line is competent and relevant, when it appears that the
witness followed one of the recognized rules for restoring lost
meander corners in attempting to locate the boundaries of two
overlapping claims.

SAME — FORM OF VERDICT.

In an action of ejectment, where defendant admits that plaintiff
is the owner of the land described in the complaint and denies
that defendant is in the possession and use thereof, a general
verdict in favor of defendant would not be erroneous, since the
provisions of Bal. Code, § 5510, prescribing that if the verdict be
for defendant in ejectment, the jury shall find that the plaintiff is
not entitled to the possession of the property, would be inapplica-
ble to the circumstances of the case.

Appeal from Superior Court, Thurston County.—Hon.
OLIVER V. LINN, Judge.  Affirmed.

*Troy & Falknor,* for appellants.

*George C. Israel,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This is an action in ejectment and for dam-
ages.  Plaintiffs allege in their complaint that they are the
owners and in possession of an irregular tract of tide land
described in section 11, township 18 north, of range 3 W.,
W. M., in Thurston county, on Eld inlet; that the defend-
ant unlawfully took possession of a part of said land, and
is using the same for rolling and booming logs thereon, to
plaintiffs' damage.  The defendant's answer admits that
plaintiffs are the owners of the land described in the com-

plaint, and denies all the other allegations of the·complaint. The case was tried before a jury, which returned a verdict in favor of the defendant. Plaintiffs appeal from a judgment entered on the verdict.

The facts in the case are substantially as follows: Appellants are entitled to possession of a tract of tide land commonly known as the "Simmons tract" on Eld inlet. Respondent is the owner of a tract of tide land known as the "Walker tract," lying immediately to the north of appellants' land. Both tracts were sold by the state, which originally owned the whole thereof. The Walker tract was a prior sale.· When the Simmons tract was sold, the southern boundary of the Walker tract was made the northern boundary of the Simmons tract. At the trial the only question of fact in the case was the location of the boundary between these two pieces of land. Plaintiffs claimed that a log boom and roll way operated by defendant were south of the Walker tract and on plaintiffs' land, while defendant claimed they were not. The whole controversy turned on the location of the meander corner between sections 2 and 11, township 18 north, range 3 W., W. M., as the same was originally established by the government survey in 1856. It was not disputed at the trial that the post or monument marking this corner was lost, but plaintiffs and their witnesses testified that there was evidence of one of the original bearing trees, from which the location of the corner could be determined, and from which the measurements described in the deed from the state of the Walker tract made the south line of the Walker tract about 300 feet north of where defendant claimed it was; while defendant and his witnesses claimed the meander corner was further south than the place fixed by plaintiffs. This was the whole of the controversy. Some twenty-

five assignments of error are made by appellants. Many
of these assignments are without foundation, and, if error,
were harmless. We shall examine only those which appear
to us to be relied upon.

During the trial appellants moved the court to strike
out all the evidence on the part of the respondent given by
the witness L. M. Rice, which motion the court denied.
Based upon this same ruling, the court also denied a mo-
tion for a directed verdict, and overruled a motion for a
new trial, and errors are assigned upon all these rulings.
The witness Rice was a surveyor, and testified, in sub-
stance, that he began his survey at the section corner be-
tween sections 11 and 12, township 18 north, of range 3
W., W. M., which is a known corner; that he ran out the
meander line according to the field notes of the government
survey; and that, according to his measurement, the me-
ander corner at the initial point of the Walker tract was
some 300 feet south of where the plaintiffs' witnesses
placed it. He also testified that he started his survey from
the initial point of the Simmons tract, and, following out
the description of that tract, it would overlap the Walker
tract about 130 feet; that he did not survey the Walker
tract. There was much other evidence given by him upon
these lines. It is argued by appellants that all this evi-
dence was irrelevant and immaterial, because Mr. Rice
failed to do those things which a surveyor is required to
do in order to find a lost corner, and that he observed none
of the well established rules of surveying. From an exam-
ination of the authorities cited we are convinced that the
witness followed one of the rules laid down by Bellows &
Hodgman at page 333 in their "Manual of Land Survey-
ing," which is recognized among surveyors as a standard
authority, as follows:

"Lost meander corners are to be restored by running the line from the nearest known corner the direction and distance called for by the notes of the original survey."

See, also, *Bryan v. Beckley,* 12 Am. Dec. 276; *Billingsley v. Bates,* 30 Ala. 376 (68 Am. Dec. 126); *Lewis v. Prien,* 98 Wis. 87 (73 N. W. 654). Such being one of the rules for establishing lost corners, the evidence given by Rice was material for the purpose, and proper for the jury to consider, and it was, therefore, not error for the court to refuse to strike it out. For the same reason it was not error to deny the motion for a directed verdict and the motion for a new trial upon the same ground.

Appellants argue that the motion for a new trial should have been granted because the verdict does not comply with § 5510, Bal. Code, and is therefore invalid. The verdict, omitting the formal parts, is as follows:

"We, the jury, duly empaneled in the above entitled cause, say that we find for the defendant.

"R. P. Shoecraft, Foreman."

The statute (§ 5510) is as follows:

"The jury by their verdict shall find as follows: . . . 2. If the verdict be for the defendant, that the plaintiff is not entitled to the possession of the property described in the complaint, or to such part thereof as the defendant defends for, and the estate in such property, or part thereof, or license, or right to the possession of either, established on the trial by the defendant, if any, in effect as the same is required to be pleaded."

This statute cannot apply to this case, because the answer of the defendant admits that the plaintiffs are entitled to the possession of the land described in the complaint. It denies that the defendant was in possession of any of it. The dispute was directed to the location of the boundary line. Since the answer admits that the

plaintiffs are the owners and in possession of all the land described in the complaint, the jury, upon the trial, which involved only the location of the boundary, could not say by their verdict *"that the plaintiff is not entitled to the possession of the property described in the complaint,"* without contradicting a fact admitted by the pleadings. The statute, therefore, does not apply to a case of this kind. The general verdict was sufficient.

The errors above discussed appear to be the principal ones relied upon. Numerous others are assigned upon the instructions. We have examined all of them, and find that the instructions given were full, and fairly stated the law to the jury. There was no error in the trial. The judgment is therefore affirmed.

FULLERTON, C. J., and ANDERS, HADLEY and DUNBAR, JJ., concur.