TRI-STATE FAIR ASSOCIATION, Respondent, v. LASELL, Appellant.

(187 N. W. 824.)

(File No. 4973.    Opinion filed April 10, 1922.)

1.  Pleadings—Recovery on Stock Subscription—Industrial, Agricultural Stock Fair Corporation, Allegations of Conditional Subscription, Total Amount Subscribed, Tender and Refusal of Stock, Whether Cause of Action Stated.

    A complaint alleging plaintiff's organization and corporate capacity, that it is engaged in business of operating and conducting an industrial agricultural stock fair at A, that defendant signed a subscription contract for $200 for stock in said sum "in a fair association to be organized for the purpose of conducting an annual fair" in A, provided the total subscriptions shall be not less than $150,000, that the full amount was subscribed before suit begun, and that after incorporation and prior to suit tender was made of the stock, payment demanded and refused—states a cause of action.

2.  Same—Whether Purpose of Organization Broader Than That For Which Subscription Made.

    Defendant's contention that he is not liable on said subscription because the purpose for which the corporation was formed is broader and more extensive than that for which the subscription was made, is untenable.

3.  Same—Complaint, Whether Alleging Subscription Due—Rule Re Subscription Contract.

    Nor is the defense that it appears on face of complaint that the subscription is not yet due, tenable; it being a fundamental rule pertaining to such subscriptions that subscriber consents to performance of all things reasonably necessary and consistent to accomplishment of avowed purpose; that the alleged purpose of incorporation was, as specified in the subscription agreement, to make the organization of the corporation possible and a going concern; payment of the subscription being a means to this.

end, and it is presumed defendant in signing it contemplated the doing of said things.

**4.  Corporations—"Corporation," and "Association," Whether Latter Embraces Former—Statutory Construction.**

The word "association" is substantially equivalent to the word "corporation" in a statute; a "corpoartion" being a creature of statute, while "association" partakes of nature of corporation and somewhat of that of partnership, the term "association" frequently entering into names bestowed upon corporations by Legislatures or often by incorporators themselves, and in its broadest sense includes "corporation."

**5.  Contracts—Recovery on Stock Subscription Agreement, Allegation of Subscription "in Fair Association to be Organized" for "Conducting Annual Fair," Whether Alleging Subscriber Contemplated Corporate Organization.**

A complaint alleging that defendant signed a contract for stock "in a fair organization to be organized for the purpose of conducting an annual fair," sufficiently indicates that signers of the contract contemplated organization of a corporation; the subscription agreement being for stock, a corporation being the only legal entity empowered to issue stock.

Appeal from the Municipal Court of the City of Aberdeen. Hon. A. L. McNAUGHTEN, Judge.

Action by the Tri-State Fair Association, a corporation, against M. C. Lasell, to recover upon an alleged subscription for corporate stock. From an order overruling a demurrer to the complaint, and from a judgment for plaintiff, defendant appeals. Affirmed.

*Amos N. Goodman,* for Appellant.

*Harkin, Crane & Noll,* for Respondent.

(1)  To point one of the opinion, Respondent cited:  Sec. 250, Code 1919.

(3)  To point three, Respondent cited:  Sec. 524, Fletcher's Cyc., Corporations; Lowville & B. River R'y. Co. v. Elliott, (N. Y.) 89 N. E. 1104; Shoe Co. v. Hoit, 56 N. H. 548.

(4)  To point four, Appellant submitted that:  An "association" is neither a corporation nor a partnership; citing:  Sec. 7945, Code 1919; 4th Cyc. 301, 305, 310; State ex rel. v. Steel, 34 N. W. 903.

Respondent cited:  Corpus Juris, 1345, 1333; Sec. 8758, Code 1919.

ANDERSON, J. This is an appeal from an order of the municipal court of Aberdeen, overruling defendant's demurrer to plaintiff's complaint, and from a judgment for plaintiff. So far as material the complaint is as follows: Alleges plaintiff's organization and corporate capacity, and that it is engaged in the business of operating and conducting an industrial, agricultural stock fair at Aberdeen. Alleges the signing by defendant subscription contract as follows:

"We, the undersigned, hereby subscribe for stock in the sums opposite our names in a fair association to be organized for the purpose of conducting an annual fair in the city of Aberdeen, providing that the total subscription shall be not less than $150,-000."

. Alleges that defendant signed this agreement and set opposite his name the sum of $200. That before the commencement of this action there was subscribed more than $150,000, for the purpose specified. Further, that after incorporation, and before the commencement of the action, plaintiff tendered defendant its stock in the amount of his subscription, demanded payment, but the same was refused.

To this complaint defendant interposed a general demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

[1, 2] Appellant first contends that he is not liable on this subscription for the reason that the purpose for which the corporation is formed is broader and more extensive than the purpose for which the subscription is made. This position we do not deem well taken. Down v. Ship, L. R., 3 H. L. 343; River Co. v. Elliott, 115 App. Div. 884, 101 N. Y. Supp. 328; Cotton Oil Co. v. Browne, 99 Tex. 660, 92 S. W. 450.

[3] It is further contended that it appears on the face of the complaint that the subscription is not yet due. It is a fundamental rule as it pertains to subscriptions of this kind that the subscriber consents to the performance of all things reasonably necessary and incidental to the accomplishment of the avowed purpose. To us it seems clear that the avowed purpose of the proposed incorporation was, as in the subscription agreement, specified, viz. to make the organization of the corporation possible, and to make it a going concern. The payment of the subscription was,

one of the means to this end. It must be presumed therefore that when appellant signed the agreement he contemplated the doing of the things that were reasonably necessary to effectuate the avowed purpose. Fletcher Cyc. Corp. vol. 2, p. 524.

[4] Again it is claimed that the words "corporation" and "association" are words of different import, and mean entirely different institutions; a "corporation" being a creature of the statute, while an "association" partakes of the nature of a corporation and somewhat of the nature of a partnership. 5 Corpus Juris, 1333.

"The term 'association' frequently enters into the names bestowed upon corporations by the legislatures or chosen by the incorporators themselves, and in its broadest sense it may include 'corporations.' So the term as employed in statutes is frequently held by reason of the object and scope of the object to include 'corporation' or to be synonymous therewith."

[5] It is urged by appellant that there is nothing in the complaint to indicate that the signers of the subscription contract contemplated the organization of a corporation. This position we think untenable for the reason that the subscription agreement is for stock. If this subscription be for stock it must have been contemplated that it was to be stock in a corporation, for such is the only legal entity empowered to issue stock. Shoe Co. v. Holt, 56 N. H. 548; Music Hall Co. v. Carey, 116 Mass. 471; R. C. § 240.

Appellant urges several other grounds for reversal of the trial court. These have all been carefully considered; but, deeming them clearly without merit, they will not be discussed.

The order and judgment of the trial court are affirmed.