DAVISON COUNTY et al, Respondents, v. WATERTOWN
TILE & CONSTRUCTION CO. et al, Appellants.

(201 N. W. 1005.)

(File No. 5610. Opinion filed January 24, 1925.)

1. **Appeal and Error—Court Rules—Supersedeas—Demurrer—Defendant, Failing to File Undertaking or to Apply for Stay of Proceedings upon Appeal from Order Overruling Demurrer, Held in Default After Expiration of Time Given to Answer.**

   Where defendant's demurrer was overruled and he was given 20 days within which to answer, but, before expiration of time appealed from order overruling demurrer without serving and filing undertaking required by Rev. Code 1919, Sec. 3159, or applying to trial court for order staying proceedings pending appeal, held, that defendant was in default after twentieth day from date of order overruling demurrer; Trial Court Rule No. 7 (40 S. D. Prelim. p. 19) applying only where sections 3159 or 3163 have been complied with.

2. **Judgment—Damages—Principal and Surety—Default Judgment Against Surety on Bond Without Proof of Amount of Damages Held Unauthorized.**

   In action against contractor and surety on bond, as against surety, plaintiffs are entitled to judgment only for actual damages suffered by breach of contract, and it manifestly requiring proof to determine such amount, upon failure of surety to answer court was not authorized to enter judgment by default pursuant to Rev. Code 1919, Sec. 2485, subd. 1, for sum demanded in summons, without assessment of damages in accordance with Section 2485, subd. 2, or proof of amount thereof.

3. **Appeal and Error — Trial — Principal and Surety — In Action Against Contractor and Surety on Bond, Trial Court Had Discretion to Permit Trial to Proceed Separately Against Defendant Surety.**

   In action against contractor and surety on bond, trial court has discretionary power, under Rev. Code 1919, Sec. 2495, to permit trial to proceed separately against surety, and where no abuse of its discretion is shown no question for review is presented; Section 2649 not being applicable.

Appeal from Circuit Court, Davison County; HON. FRANK
B. SMITH, Judge.

Action by Davison County against the Watertown Tile &
Construction Company and the Western Surety Company, in

which trial court permitted trial to proceed separately against last-named defendant. Default judgment was entered against last-named defendant, and, from order refusing to vacate judgment, it appeals. Reversed, and default judgment vacated.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Roscoe Satterlee* and *Hitchcock & Sickel,* all of Mitchell, for Respondents.

(1) To point one of the opinion, Appellants cited: McConnell v. Margulien, 39 S. D. 563; Weibel v. Gardner (S. D.), 187 N. W. 629; Presho State Bank v. Northwest Milling Co. (S. D.), 185 N. W. 370.

Respondent cited: Devereaux v. Katz (N. D.), 133 N. W. 553; Gilfillan v. Schaller, 144 N. W. 918.

(2) To point two, Appellants cited: Naderhoff v Benz & Sons (N. D.), 141 N. W. 501; Central Lumber Co. v. Braun, 34 S. D. 395; Halley v. Ingersoll, 14 S. D. 7; Schwitz v. Thomas et al, 38 S. D. 180; Palmer v. Baker et al (S. D.), 186 N. W. 951, 45 S. D. 196.

Respondent cited: Cole v. Custer County Agricultural, Mineral & Stock Assn., 52 N. W. 1086; Hrock v. Altman & Taylor Co., 54 N. W. 269; Searle v. City of Lead (S. D.), 73 N. W. 101; Kent v. Insurance Co. (S. D.), 50 N. W. 85; Carruthers v. Hensley (Cal.), 27 Pac. 411.

(3) To point three, Respondent cited: State v. Western Surety Co. (S. D.), 129 N. W. 173; Palmer v. Baker, 186 N. W. 951.

GATES, J. This action was brought by Davison county and its board of county commissioners against the Watertown Tile & Construction Company, a contractor in a certain drainage proceeding, and its surety, the Western Surety Company. The action is upon the contractor's bond. The defendant contractor answered the complaint, and at the time of preparing the record on this appeal the issues as between the plaintiffs and the contractor had not been tried. The defendant surety demurred to the complaint. The demurrer was overruled, and the surety was given 20 days within which to answer. Before the expiration of such period, the surety appealed from the order overruling its demurrer. This court, in 47 S. D. 101, 196 N. W. 96, sustained the trial court on

December 8, 1923, and the remittitur was sent down on December 29, 1923. On December 19, 1923, the surety served and filed its answer. Counsel for plaintiffs refused to accept the answer, and on December 24, 1923, served on the surety a notice of motion for judgment by default. Judgment was so entered against the surety. This appeal is by the surety from an order refusing to vacate the judgment.

One of the contentions of appellant is that under Trial Courts Rule 7 (40 S. D. prelim. p. 19), it was not in default. The relevant portion of the rule is:

"When a party appeals to the Supreme Court from an order overruling a demurrer to any pleading before the time for answering or replying thereto has expired and such order is affirmed, such party may have fifteen days after the filing of the remittitur in which to answer or reply to such pleading."

Respondents contend that said rule, if interpreted so as to give appellant the absolute right to answer under the circumstances herein disclosed, is in violation of section 3159, Rev. Code 1919, which reads as follows:

"When the appeal is from an order the execution or performance thereof shall not be delayed, except upon compliance, as the court or presiding judge thereof shall direct, and when so required, an undertaking shall be executed on the part of the appellant, by at least two sureties, in such sums and to such effect as the court or presiding judge thereof shall direct; such effect shall be directed in accordance with the nature of the order appealed from, corresponding to the foregoing provisions in respect to appeals from judgments, where applicable, and such provision shall be made in all cases as shall properly protect the respondent, and no appea from an intermediate order before judgment shall stay proceedings, unless the court or presiding judge thereof shall, in his discretion, so specially order."

Appellant perfected its former appeal by serving and filing an undertaking for costs only and did not serve or file the undertaking provided for in said section 3159. Nor did the trial court make an order staying proceedings pending that appeal. That section means what it says. Supervisors v. Walbridge, 38 Wis. 179; Whereatt v. Ellis, 68 Wis. 61, 30 N. W. 520, 31 N. W. 762; State ex rel Taylor v. Town Board, 69 Wis. 264, 34 N. W. 123;

Kelly v. C. & N. W. Ry. Co., 70 Wis. 335, 35 N. W. 538. But appellant asserts that this court is given superintending control over trial courts, and therefore that said rule 7 promulgated by us for trial courts was a valid exercise of our powers. True, we do have superintending control over trial courts, but it is only a control "under such regulations and limitations as may be prescribed by law." Const., art 5, § 2. The law giving this court power to prescribe rules for trial courts is found in section 5134, Rev. Code 1919, and the rules we promulgate must not be "inconsistent with the laws of this state." Rule 7 as interpreted by appellant would clearly be inconsistent with said section 3159. Another section of the Code (section 3163) gives this court, or one of the judges, power to provide for a stay of proceedings on appeal where the trial court neglects or refuses to make an order not wholly discretionary. In the present case no application was made to the trial court; consequently it did not neglect nor refuse to make an order of stay.

Manifestly, this alternative power granted to this court in a specific instance is not sufficient to justify the promulgation of a sweeping rule giving to appellants in all cases, upon an appeal from an order overruling a demurrer to the complaint, the right to answer after the determination of the appeal. Our attention has not been called to any other regulation that the Legislature has authorized this court to make, and we do not find any other statutory authority upon this subject. Therefore in order that rule 7 may be effective, it can only apply to cases where compliance is had with said sections 3159 or 3163. The reason for the enactment of the above-quoted portion of rule 7 was to remove the then existing uncertainty as to the period of time an unsuccessful appellant might have within which to answer. For instance, if an order of the trial court gave the appellant 20 days to answer, and if he perfected his appeal on the nineteenth day, would he, if unsuccessful on appeal, only have one day to answer after the filing of the remittitur, while if he had perfected his appeal on the tenth day would he have had 10 days? As above suggested, it was for the purpose of making a uniform rule on this subject that the rule was adopted, and no thought was given to the question whether the appellant had insured his rights by proceeding under said section 3159. There was no intention on the part of this court to act in contravention of that section.

[1]   We are therefore of the opinion that because the appellant upon the former appeal did not take steps to preserve the status quo on that appeal in accordance with the provisions of said sections 3159 or 3163, it was in default after the twentieth day from the date of the order from which the former appeal was taken.

[2]   Another question presented by this appeal is:   Did the trial court have power to enter judgment by default in accordance with the provisions of subdivision 1 of section 2485, Rev. Code 1919, and without the assessment of damages in accordance with the provisions of subdivision 2 of said section?   We think not. The complaint in this action is based upon the contractor's bond, but upon the failure of the surety to answer the complaint the plaintiffs were not entitled, without proof of the amount of damages, to a judgment for the sum demanded in the summons.   The condition of the bond was not that the surety should be liable for a specific sum as liquidated damages, but was as follows:

"Now, therefore, if the said first parties shall well and faithfully perform their part of the contract and maintain the same for five years, according to sections 2 and 20 of the specifications attached to said contract, according to said plans and specifications, then this obligation to be void, otherwise to remain in full force and virtue."

Plaintiffs were only entitled to judgment (up to the amount of the bond) for the actual amount of damages suffered by the breach of the contract. Manifestly, it would require proof to determine that amount.   Tuttle v. Smith, 14 How. Pr. (N. Y.) 395; Naderhoff v. Benz, 25 N. D. 165, 141 N. W. 501, 508-510, 47 L. R. A. (N. S.) 853.

[3]   Another point made by the appellant is that no judgment could be entered against it until judgment had been entered against the contractor.   In support thereof appellant refers us to section 2649, Rev. Code 1919, and cites Schwitz v. Thomas, 38 S. D. 180, 160 N. W. 734, and Palmer v. Baker, 45 S. D. 196, 186 N. W. 951.   That section does not so hold, no do the cases cited so hold.   That section relates to the contents of the judgment in certain cases and to the procedure upon execution.   It in no manner relates to the question whether trial may be had and judgment entered against one defendant in advance of trial and

judgment against the other defendant. The trial court, under the power given it by section 2495, Rev. Code 1919, had the discretionary power to permit the trial to proceed separately as to the surety. No abuse of that power is pointed out; consequently there is nothing before us on that issue for review.

Inasmuch as the trial court erred in entering judgment without taking proof as to the amount of the damages to which plaintiffs were entitled, the order appealed from must be reversed, with directions to vacate the judgment.

Inasmuch as appellant was and is in default and has never sought to be relieved from the default, it is not our province to take cognizance in the first instance of the question whether appellant should be relieved from such default. No costs will be taxed in this court.

ANDERSON, J., not sitting.

Note.—Reported in 201 N. W. 1005. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1203(3), 3 C. J. Sec. 1459; (2) Judgment, Key-No. 126(1), 34 C. J. Sec. 410; (3) Appeal and error, Key-No. 964, 4 C. J. Sec. 2778; Trial, Key-No. 3, 38 Cyc. 1268.