TRISTATE FAIR ASS'N, Respondent, v. LASELL, Appellant.

(215 N. W. 692.)

(File No. 5879.   Opinion filed October 22, 1927.)

1. **Appeal and Error—Defendant Not Obtaining Stay Pending Appeal Was in Default After 20 Days Allowed to File Answer (Rev. Code 1919, §§ 3159, 3163; Trial Court Rule 7).**

    Defendant obtaining no order staying proceedings pending appeal, as required by Rev. Code 1919, §§ 3159, 3163, was not entitled to 15 days after filing of remittitur to answer, under trial court rule 7, but was in default from and after expiration of 20 days allowed by trial court until service of answer, appeal not operating as stay.

2. **Judgment—Time of Service of Answer Was Waived and Court Could Not Render Default Judgment, Where Service Was Accepted Without Objection.**

    By accepting service of answer without objection after expiration of 20 days allowed by trial court, time of service was waived and court was without jurisdiction to render judgment by default.

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1203(3), 3 C. J. Sec. 1395; (2) Judgments, Key-No. 114, 34 C. J. Sec. 391.

Appeal from Municipal Court of City of Aberdeen; HON. A. L. McNAUGHTEN, Judge.

Action by the Tristate Fair Association against M. C. Lasell. Judgment for plaintiff.  From an order denying a motion to vacate the judgment, defendant appeals.  Reversed.

*Amos N. Goodman,* of Aberdeen, for Appellant.
*E. B. Harkin,* of Aberdeen, for Respondent.

BURCH, J.  Plaintiff commenced this action in the municipal court of Aberdeen, and defendant demurred to the complaint. The demurrer was overruled, and an appeal taken to this court where the ruling of the lower court was sustained.  Tristate Fair Ass'n v. Lasell, 45 S. D. 414, 187 N. W. 824.  No application for a stay of proceedings pending appeal was made, nor was there any order of court staying proceedings.  On overruling the demurrer, the court allowed defendant 20 days in which to answer.  No answer was filed or further proceeding taken in the case until 8 days after the remittitur was received and filed by the clerk of the mu-

nicipal court, on May 2, 1922. On the 10th of May following, defendant served an answer on a member of the firm of attorneys representing plaintiff. Nothing was then done until March 17, 1923, when a member of the firm of plaintiff's attorneys, but not the attorney on whom the answer was served, applied for and obtained a judgment by default without notice to defendant. A few days later when defendant learned of the entry of default judgment he moved to set aside and vacate such judgment. His motion was denied, and defendant has appealed from the order denying the motion to vacate the default judgment.

[1] Evidently counsel for both parties acted under the belief that the appeal operated as a stay, and that defendant would have 15 days after filing of the remittitur, under trial court rule 7 (40 S. D. Prelim. p. 19). This rule received a construction in Davison County v. Watertown Tile & Construction Co., 48 S. D. 24, 201 N. W. 1005, and there it was held that said rule 7 applied only where sections 3159 or 3163 had been complied with. Under those sections a court order, either of the trial court or this court, is necessary to stay proceedings. No such order having been obtained, defendant was in default of an answer from and after the expiration of the 20 days allowed by the trial court until the service of the answer.

[2] But this case differs in several respects from the Davison County Case. There, when the answer was served, it was refused for the reason that service was not in time, and default judgment was rendered after notice to defendant. In the instant case, the answer was not refused, but was accepted and retained. After nearly 9 months from the serving of the answer, default judgment was obtained without notice to defendant. By accepting service of the answer out of time without objection, the time of service was waived, and, after the service of the answer and its acceptance and retention without objection, defendant was no longer in default. The court thereafter was without jurisdiction to render judgment by default.

The order appealed from is reversed.

CAMPBELL, P. J., disqualified and not sitting.

POLLEY and SHERWOOD, JJ., concur.

GATES, J., not sitting.